LOUISE MARSHALL, Plaintiff-Appellee, *v.* THE CITY OF CHICAGO HEIGHTS, Defendant-Appellant.

First District (2nd Division)    No. 77-1499

Opinion filed April 25, 1978.

James F. Creswell, Corporation Counsel, of Chicago Heights (Sidney Z. Karasik, Assistant Corporation Counsel, of counsel), for appellant.

Andrew M. Raucci, of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

This appeal arises from a summary judgment order, entered by the circuit court of Cook County, which (1) invalidated as violative of the Constitution of the State of Illinois, an ordinance adopted by the city council of Chicago Heights, and (2) permanently enjoined the enforcement of the ordinance. The summary judgment order indicated that there was no just reason to delay its enforcement or appeal.

Defendant, City of Chicago Heights, is a municipal corporation of the State of Illinois operating under the commission form of government. (See Ill. Rev. Stat. 1975, ch. 24, par. 4—1—1 *et seq.*) Under this form of government Chicago Heights is governed by a council consisting of an elected mayor and four elected commissioners. The members of this council share and exercise all executive, administrative and legislative powers and duties.

The elected commissioners run for office in an "at large" manner and are subsequently designated as superintendents of the four municipal departments of Chicago Heights: Accounts and Finances, Public Health and Safety, Public Property, Streets and Public Improvement. Prior to the adoption of the ordinance in question each commissioner controlled the patronage within the commissioner's respective municipal department, retaining the authority to hire and discharge all employees working within a department. The subordinate department heads, however, are not selected and hired by the individual commissioners. Instead, the council, by majority vote, appoints subordinate department heads for each municipal department. Accordingly, a subordinate department head may be discharged only pursuant to a majority vote of the council. This council function (the hiring and discharging of subordinate department heads) has not been altered by the adoption of the ordinance in question.

Not all of the municipal functions of the commission are discharged by the individual municipal departments of Chicago Heights. The council, by ordinance enacted pursuant to section 4—5—2 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 4—5—2), retains the responsibility to:

(1) Determine the powers of and duties to be performed by each

department and shall assign them to the appropriate departments; (2) Prescribe the powers and duties of officers and employees, and may assign officers and employees to one or more of the departments; (3) Require an officer or employee to perform duties in 2 or more departments; and (4) Make such rules and regulations as may be necessary or proper for the efficient and economical conduct of the business of the municipality.

Therefore, the council exercises supervisory authority over the individual municipal departments.

On September 13, 1976, the commission of Chicago Heights voted to adopt Ordinance 76-9. Section I of this ordinance reads as follows:

"*Section I*

The Code of the City of Chicago Heights is hereby amended by adding Division 8—HIRING AND DISCHARGING OF EM-PLOYEES, to Article IV, Section 2—187, to be numbered Article IV, Division 8, Section 2—187, which reads as follows:

*Sec. 2—187—Hiring and Discharging of Employees.*

The Building Superintendent, the City Clerk, City Treasurer and Budget Officer, the Chief Health Inspector, the Superintendent of Streets, the Superintendent of Sewers, the Superintendent of 'Building Engineers and Maintenance, the Superintendent of Water Works, the Corporation Counsel, the City Administrator, the City Personnel Director, the City Purchasing Agent, the City Public Relations Director, the City Safety Director, and the City Planner shall hire and discharge all employees in their respective departments (other than those under civil service or other tenure of office laws) authorized by the City Council to be hired, at such compensation as may be set or authorized by the City Council. All employees shall perform their duties subject to the direction of those persons hereinabove set out as their supervisors and as set out in the Table of Organization attached hereto and made a part hereof as Appendix A of Section 2—187."

Ordinance 76-9 granted to a number of subordinate department heads appointed by a majority vote of the commission, the authority to hire and discharge subordinate employees working within their respective departments. Therefore, pursuant to the ordinance, the city commissioners would be relieved of substantial authority and responsibility which they had previously enjoyed.

Subsequent to the adoption of the ordinance, plaintiff Louise Marshall, an elected commissioner of Chicago Heights, supervising the Department

of Public Property, filed an action for declaratory and other relief in the circuit court of Cook County. Plaintiff alleged that Ordinance 76-9 was contrary to section 4—5—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 4—5—6) (appointment and discharge of other officers and employees) and sought to have its enforcement enjoined. Defendant filed its answer and plaintiff, thereafter, filed a motion for summary judgment, in which plaintiff urged that Ordinance 76-9 constituted "a radical change in the form of government [which] may not be accomplished without the passage of a referendum" (citing *Pechous v. Slawko* (1976), 64 Ill. 2d 576, 357 N.E.2d 1144). Defendant responded with a motion for summary judgment and plaintiff then filed a memorandum in reply to defendant's motion.

On November 17, 1976, pursuant to the aforementioned cross-motions for summary judgment, the circuit court of Cook County entered an order granting plaintiff's motion. This order (1) invalidated Ordinance 76-9 for changing the relative powers and functions of the members of the city council of Chicago Heights, and (2) permanently enjoined the enforcement of the ordinance. On December 17, 1976, the circuit court entered an amended judgment order. The amended judgment order repeated the findings contained in the November 17, 1976, order and indicated that Ordinance 76-9 violated the Constitution of the State of Illinois. It is from this summary judgment that defendant appeals.

■■ Section 57 of the Illinois Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 57) provides that summary judgment should be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law." Summary judgment provides a means of disposing of cases with dispatch, but it is a drastic method and should only be allowed when the right of the party to invoke that drastic method is free from doubt. Summary judgment must not be used to preempt the right to a trial by jury or the right to fully present the factual basis for a case where a material dispute may exist. In reviewing the trial court's granting of summary judgment, we must consider all grounds urged and facts revealed in that court to determine if a genuine issue as to a material fact remained to be determined by a jury and whether plaintiff was entitled to summary judgment as a matter of law. (*Welch v. Chicago Tribune Co.* (1975), 34 Ill. App. 3d 1046, 340 N.E.2d 539.) Consequently, our decision in the instant case will result from determining, as a matter of law, whether Ordinance 76-9 was violative of the Constitution of the State of Illinois.

■■ It is indisputable that the commissioners' power to hire and

discharge departmental employees emanated from section 4—5—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 4—5—6). This statute in relevant part states:

"* * * all officers, assistants, and employees of each department specified in Section 4—5—2, * * * shall be appointed by the commissioner of the department to which they are appointed, and may be discharged by him when in his judgment the efficient conduct of municipal affairs so demands."

It is also indisputable that Ordinance 76-9 deprives the commissioners of the authority to hire and discharge departmental employees by diverting such responsibilities to the discretion and judgment of non-elected subordinate department heads.

Plaintiff argues that the adoption of Ordinance 76-9 without a referendum constituted a violation of article VII, section 6(f) of the Constitution of the State of Illinois. This constitutional provision, in relevant part, states:

(f) A home rule unit shall have the power subject to approval by referendum to adopt, alter or repeal a *form of government* provided by law * * *. (Emphasis added.)

Therefore, plaintiff argues that the adoption of Ordinance 76-9 altered the "form of government" of Chicago Heights in the absence of an approval by referendum.

We agree with plaintiff's contention despite the fact that under the commission form of government each commissioner retains "superintendent" status over the department assigned to him and is vested with a measure of discretionary authority in his supervision of the activities of his respective department. (*Beard v. Board of Fire & Police Commissioners* (1974), 21 Ill. App. 3d 404, 315 N.E.2d 319.) However, superintendent status carries little weight when a commissioner is relieved of substantial authority and duties.

The significance of the power to hire and discharge subordinate departmental employees becomes quite apparent when we analyze the Chicago Heights government in a "before ordinance-after ordinance" fashion. Prior to the adoption of Ordinance 76-9, a candidate for commissioner could campaign on a "good government" platform with the knowledge that he, as an elected official, would exercise the responsibility and duty of hiring and discharging subordinate departmental employees. This responsibility would attach irrespective of the fact that the subordinate department heads would be chosen pursuant to a majority vote of the commissioners. The commissioner would remain accountable to his constituency for his record in administering the department.

Subsequent to the adoption of Ordinance 76-9, municipal government in Chicago Heights would be altered. Although an elected commissioner

would be "superintendent" of a municipal department, the subordinate department heads, chosen and appointed by a majority of the commission, would be the ones to hire and discharge departmental employees. Therefore, subsequent to the adoption of Ordinance 76-9 the commissioner would be fully accountable and responsible to the electorate for the administration of his department while enjoying a mere illusion of authority.

The adoption of Ordinance 76-9 thus results in a substantial alteration of the commission form of government found in Chicago Heights. Pursuant to article VII, section 6(f) of the Constitution of the State of Illinois such alteration was inappropriate in the absence of a referendum. Accordingly, the summary judgment order entered by the circuit court of Cook County, finding the ordinance violative of the Constitution of the State of Illinois and permanently enjoining its enforcement, is affirmed.

Affirmed.

PERLIN and BROWN, JJ., concur.