INA INSURANCE COMPANY OF ILLINOIS, Plaintiff-Appellee, v. THE CITY OF CHICAGO, Defendant-Appellant.—(LEWIS PAIGE et al., Defendants.)

First District (3rd Division)   No. 77-679

Opinion filed June 28, 1978.

William B. Quinlan, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellant.

Baker & McKenzie, of Chicago (Francis D. Morrissey, Peter J. Mone, and Donald J. Brown, of counsel), for appellee.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Defendant, City of Chicago, appeals from an order granting plaintiff's motion for summary judgment. The court found that the City had failed to give timely notice of injury as required by an insurance policy taken out by Rock Road Construction Company in favor of the City. As a result the court held that the insurer, INA Insurance Company of Illinois, had no duty to indemnify the City against loss.

The material facts are not in dispute. In 1971 the City contracted with Rock Road for the construction of a deep tunnel project within the City. As part of its contractual obligation, Rock Road, through its insurance agent, Arthur J. Gallagher & Company, obtained a liability policy issued by INA insuring the City against claims for injuries arising out of the construction project. The policy was originally effective through November 9, 1972, but since the project was not completed on that day, it was extended by Rock Road to cover the period through August 1, 1974. The City was not notified of the extension by Rock Road or Gallagher.

On June 7, 1973, Juan Colon, a Rock Road employee, was injured while working the deep tunnel project. On July 12, 1973, Lewis Paige, another Rock Road employee, also was injured on the project. On July 16 Rock Road filed reports concerning both accidents with Gallagher who notified Rock Road's workmen's compensation insurance carrier.

In June 1974, Colon and Paige filed their respective suits against the City to recover damages for their injuries. Both plaintiffs alleged that they had given the City the statutorily required notice within six months after the occurrences. According to City records, the insurance coverage provided by Rock Road had expired prior to the accident. On October 8, 1974, inquiry was made of Gallagher as to whether there had been an extension of the policy issued to Rock Road by INA. The City was informed on October 15 that there had been an extension by endorsement to August 1, 1974. On December 6, 1974, the City transmitted copies of the two complaints with a formal tender of defense to Gallagher. This tender was acknowledged by INA on December 27 and thereafter INA retained counsel to defend the City under a reservation of rights.

On April 9, 1975, INA filed an action seeking a declaration of rights

under the insurance policy. INA requested a ruling that the City had breached a condition precedent to the contract of insurance by failing to give INA notice of the occurrences as required by the policy. The notice provisions of the policy provide:

"4. INSURED'S DUTIES IN THE EVENT OF OCCURRENCE, CLAIM OR SUIT

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the Insured, and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the Insured to the Company, or any of its authorized agents as soon as practicable.
* * *

(b) If claim is made, or suit is brought against the Insured, the Insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

In addition paragraph 5 of the policy states:

"No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all the terms of this policy * * *."

On February 7, 1977, the trial court entered summary judgment in favor of INA.

The City contends that the trial court erred in awarding summary judgment to INA. The City maintains that since it was not apprised of the extension of the policy, it had no reason to believe insurance coverage was available at the time of the 1973 accidents. Therefore, the City urges there was no reason to notify INA of the accidents until after October 15, 1974, when the City learned of the extension. The City contends that any delay in giving notice was excusable since it was unaware of the policy's existence until October 1974.

INA counters that the delay was solely attributable to the City's lack of diligence in ascertaining whether there had been an extension of the policy obtained by Rock Road. Since Rock Road was required to obtain insurance in favor of the City as part of its contractual obligation, INA argues that the City could not reasonably believe that Rock Road would allow the policy to expire before the completion of the project. INA emphasizes that the City could have learned of the extension long before October 15, 1974, simply by asking Rock Road or Gallagher. INA also contends that the City's delay of almost two months in giving notice to INA after it had learned of the existence of the policy was likewise unreasonable. In light of the undisputed facts, INA maintains that the trial

court correctly found that the City's delay in giving notice to INA was not excusable.

■■ We believe that the trial court properly granted INA's motion for summary judgment. Since the facts are undisputed, the determination of whether the City used due diligence in giving INA notice of the accidents is a question of law. (*Country Mutual Casualty Co. v. Van Duzen* (1953), 351 Ill. App. 112, 113 N.E.2d 852.) Under the facts and circumstances presented here, it is apparent that the delay in compliance with the notice provisions was due to the City's lack of diligence in ascertaining whether the policy issued to Rock Road was still in effect.

■■ The purpose of a notice requirement such as the one found in the INA policy is to enable the insurer to make a timely and thorough investigation of the injury claim. (*Barrington Consolidated High School v. American Insurance* (1974), 58 Ill. 2d 278, 319 N.E.2d 25; *McFadyen v. North River Insurance Co.* (1965), 62 Ill. App. 2d 164, 209 N.E.2d 833.) Such provisions are not considered technical requirements, but rather are valid prerequisites to coverage. (*International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 179 N.E.2d 833.) Therefore, when the insured fails to comply with a prompt notice requirement, the insurer may deny liability, regardless of whether it has been prejudiced by the delay. *City of Chicago v. United States Fire Insurance Co.* (1970), 124 Ill. App. 2d 340, 260 N.E.2d 276.

The policy here was initially obtained by Rock Road in fulfillment of its contractual obligation to the City. Since the insurance was for the benefit of the City—to insure it against liability for injuries arising out of the construction project—it is reasonable to assume that the obligation to provide insurance lasted as long as it was necessary to complete the deep tunnel project. Therefore, when the initial coverage period expired on November 9, 1972, and the project was not yet completed, Rock Road still was under an obligation to carry insurance for the benefit of the City. Yet the City apparently made no effort to ascertain whether coverage was available for the accidents until 16 months after the accidents and over three months after the injured parties commenced suit against the City. No justification for the delay has been demonstrated.

The City seeks to rely upon those cases involving an insured who is unaware of the existence of the policy or who believes that the policy coverage has lapsed. We do not believe the City can reasonably claim ignorance of the existence of the policy. By the terms of the construction contract, the City obligated Rock Road to obtain insurance for its benefit. The City is the named insured on the policy issued by INA. Therefore, those cases involving third-party beneficiaries who are unaware of an insurance policy are inapposite. (See *Scott v. Inter-Insurance Exchange* (1932), 267 Ill. App. 105.) Nor can the City seek to justify its delay on the

basis of Rock Road's or Gallagher's failure to notify it of the extension of the policy. The complaints recited that within six months after their respective accidents, each plaintiff complied with the statutory requirement of giving notice to the City of their injuries. At the very latest, the City received notice of the occurrences in January 1974. Thereafter the City made no inquiry of Gallagher as to the availability of policy coverage until October 8, 1974. No reason appears as to why this information could not have been obtained much sooner. Even assuming that the City was justified until service of summons in searching only its own records, it subsequently made no additional inquiry until October 8, and even then failed to notify INA until December 6, 1974. The actions of the City demonstrate that it failed to use due diligence in determining whether policy coverage was available and thereafter in notifying INA of the accidents. See *Charter Oak Fire Insurance Co. v. Snyder* (1974), 22 Ill. App. 3d 350, 317 N.E.2d 307.

The City maintains that Gallagher should have given notice to INA after the accidents were reported to it by Rock Road on July 16, 1973. At the time of the accidents, Gallagher was an agent of both INA and Rock Road's workmen's compensation insurance carrier. The notice given to Gallagher by Rock Road on July 16 was intended for the compensation carrier and not for INA. Nothing in the record indicates that the reports given by Rock Road to Gallagher contained anything which would indicate to the latter that these accidents were covered by a policy issued by INA to the City. The City cannot rely upon the notice given by Rock Road to Gallagher to excuse its delay in notifying INA of the accidents.

Further support for our conclusion that the City failed to use diligence is found in *International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 179 N.E.2d 833. In that case, a workman was injured while unloading a truck on International Harvester's premises. International Harvester failed to notify the defendant insurance carrier until almost two years after the accident. In seeking to justify the delay, International Harvester claimed that during the period in question it had been unable to learn the identity of the company which owned the truck and hence was unable to notify that company's insurance carrier. This court rejected the contention and, in language pertinent to the present case, stated at pages 472-73:

> "When we examine all the circumstances, we must give due consideration to the fact that the plaintiff is the International Harvester Company, a large industrial corporation, and not a person unsophisticated in the world of commerce and insurance. We must decide whether the plaintiff, with all the record-keeping and investigative services at its command, acted with anything less than due diligence in being unable for twenty-one months to

ascertain the identity of the truck being unloaded at the time of the injury * * *, an accident which was promptly reported by plaintiff's employees concerned, on the day of its occurrence. To state the problem is to indicate its proper solution."

Similarly, in the present case, the City is experienced in the complexities of construction contracts and liability insurance. It is implausible to assume that for almost fifteen months after the accidents were reported to Rock Road, the City was unable to determine whether the INA policy had been extended. If no effort was made beyond a routine search of the City's records, then the fault, if any, rests with the City. (See *City of Chicago v. United States Fire Insurance Co.*) The trial court correctly held that the City failed to comply with the notice provisions of the INA policy and correctly awarded summary judgment in favor of INA.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

JIGANTI, P. J., and McGILLICUDDY, J., concur.