UNITED STATES FIDELITY & GUARANTY COMPANY, Plaintiff-Appellee, *v.* MAREN ENGINEERING CORPORATION *et al.*, Defendants-Appellants.

First District (5th Division)   No. 79-104

Opinion filed February 22, 1980.—Rehearing denied April 8, 1980.

Nolan, O'Malley & Dunne, of Chicago (Patrick W. Dunne, of counsel), for appellants.

Goldenson, Kiesler, Berman & Brenner, of Chicago (Marvin D. Berman and Valerie S. Green, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Defendant appeals from an order granting plaintiff's motion for summary judgment. The trial court found that defendant failed to give timely notice of a claim as required by an insurance policy issued by plaintiff and that defendant failed to establish any recognized excuse for the delay. As a result, the court held that plaintiff had no duty to defend or indemnify defendant on the claim. The sole issue on review is whether defendant's two-year delay in giving notice constitutes reasonable notice. We affirm the judgment of the trial court. The facts relevant to this issue follow.

In 1971, plaintiff, United States Fidelity and Guaranty Company (U.S. Fidelity), issued an insurance policy to defendant, Maren Engineering Corporation (Maren), a manufacturer of balers and shredding equipment. The policy covered general liability and products liability for a term of three years commencing in 1971 and expiring in 1974. A provision of the policy provided, in pertinent part, as follows:

"Insured's duties in the event of occurrence, claim or suit

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable. The named insured shall promptly take at his expense all reasonable steps to prevent other bodily injury or

property damage from arising out of the same or similar conditions, but such expense shall not be recoverable under this policy.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative."

In 1970, defendant sold a baler to General Mills Corporation through its distributor, Potter-Mac Company. On October 19, 1973, Frank Morris, an employee at General Mills, caught his left arm in the baler, which resulted in the loss of that arm. At approximately 8:50 a.m. on that day Wayne Potter, president of Potter-Mac, telephoned Andrew Pasztor of Maren and informed him of the accident. A written memorandum of that conversation stated as follows:

"Wayne indicated that he had received a call from Ken R. at General Mills. They had an accident the previous evening, a man was cleaning out the baler at the rear clean out door and lost an arm. Wayne was going in for a meeting with General Mills personnel. It was his understanding that the man had his arm in the small clean out door and the baler continued to run and the ram frame came back pinching his arm."

A second memorandum of another conversation between Potter and Pasztor which occurred at approximately 3:30 p.m. contained the following remarks:

"Wayne indicates that the baler apparently is not functioning properly. He noted that on the manual position, that is when the selector switch is on manual the motor will automatically start and cycle.

Wayne asked that we send him a wiring diagram for this baler.

His supposition at this point was that there had been some rewiring done on this baler and it was not wired as we had originally sent into the field."

On October 17, 1975, defendant was served with summons and complaint in an action brought by Frank Morris (Morris v. Maren Engineering Corp). On that same day, defendant forwarded the documents to its insurance agent, who forwarded them to plaintiff. On November 3, 1975, a letter was sent to defendant acknowledging receipt of the documents and further reserving plaintiff's rights due to the late notice. Defendant was also informed that a thorough investigation of the matter would be conducted.

Following an investigation conducted by the P&R Adjusting Company, a final report was sent to defendant on November 20, 1975. Included in the report was a discussion between the investigator and

Wayne Potter, who had viewed the machine after the accident. Potter stated that General Mills had changed the wiring on the machine in question during its installation. Specifically, a sonac system, or electric eye system, had been taken off the machine because it was too complicated for General Mills and had been replaced by their own version of an electric eye system. According to Potter, the accident probably would not have occurred had the original system been in use on the machine.

Also included in the report was a statement given by David Brown, president of Maren. He stated that when Maren received the telephone calls from Potter-Mac, the information communicated to them was too vague, and there was no record that the matter was ever followed up. There was no other inquiry regarding the accident until Maren received the summons and complaint and the memoranda were located and forwarded to the insurance agent.

On September 7, 1976, plaintiff sent a letter to David Brown of Maren advising him that no coverage for the accident would be provided because of defendant's failure to furnish prompt notice of the accident. Following defendant's refusal to assume the defense of the underlying action, plaintiff brought this action of declaratory judgment against defendant to establish that no coverage should be provided based on defendant's failure to furnish prompt notice.

On August 21, 1978, plaintiff filed its motion for summary judgment with attached depositions of Andrew Pasztor and David Brown, the telephone memoranda of October 19, 1973, and other documents. Through deposition, Pasztor stated that after the telephone calls had been transcribed he did not see them in typed form nor did he have knowledge as to whether they were directed to David Brown. Brown stated in his deposition that he saw the memoranda for the first time on October 21, 1975, when they were forwarded to the insurance agent.

On September 29, 1978, defendant filed its motion for summary judgment attaching in support thereof the affidavits of Pasztor, Brown, and representatives of General Mills; the deposition of Edward Matichek, claims adjuster for plaintiff; and plaintiff's claims file regarding Morris v. Maren. Defendant also adopted the depositions of Brown and Pasztor in support of the motion.

On October 25, 1978, the trial court entered a final order granting summary judgment in favor of plaintiff and denying defendant's motion for summary judgment. The court made the following findings: (1) defendant failed to give written notice as soon as practicable, as required by the policy issued by plaintiff; and (2) defendant failed to establish any recognized excuse for the delay. As a result, the court held that plaintiff had no duty to defend nor indemnify defendant on the claim. Defendant now appeals from that order.

OPINION

Defendant contends that the trial court erred by granting plaintiff's motion for summary judgment since plaintiff was not prejudiced by the late notice and defendant honestly believed that it was not liable for any claim, as this constitutes a valid excuse for the delay. We disagree.

■■ ■ The purpose of a notice requirement in an insurance policy is to enable the insurer to make a timely and thorough investigation of a claim and to protect itself against unjustifiable claims. (*Barrington Consolidated High School v. American Insurance Co.* (1974), 58 Ill. 2d 278, 319 N.E.2d 25; *International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill. App. 2d 467, 179 N.E.2d 833.) Generally, the time within which notice is required is determined by a standard of reasonableness, based upon the facts and circumstances of a particular case. (*Barrington Consolidated High School; Farmers Automobile Insurance Association v. Hamilton* (1975), 31 Ill. App. 3d 730, 335 N.E.2d 178, *aff'd* (1976), 64 Ill. 2d 138, 355 N.E.2d 1.) While an absence of actual prejudice to the insurer may be a factor to be considered in determining the propriety of the notice and the diligence of the insured, it does not conclusively establish the timeliness of the notice. (*INA Insurance Co. v. City of Chicago* (1978), 62 Ill. App. 3d 80, 379 N.E.2d 34; *Charter Oak Fire Insurance Co. v. Snyder* (1974), 22 Ill. App. 3d 350, 317 N.E.2d 307.) Thus, the issue in a case involving late notice is not whether the insurer has been prejudiced, but rather, whether reasonable notice has been given. *INA Insurance Co. v. City of Chicago; McFarlane v. Merit Insurance Co.* (1978), 58 Ill. App. 3d 616, 374 N.E.2d 951.

In the present case, the facts are undisputed that on October 19, 1973, Andrew Pasztor received two telephone calls from Wayne Potter informing him of the accident. Memoranda of the conversations were then made and filed. The evidence also revealed that no follow-up of the matter was ever conducted. Two years later defendant was served with summons and complaint in the case of Morris v. Maren, which documents were subsequently forwarded to plaintiff.

Plaintiff maintains that it honestly believed that it was not liable for any claim based on the following statement contained in the memorandum:

> "His supposition at this point was that there had been some rewiring done on this baler and it was not wired as we had originally sent into the field."

However, we reject this argument since we believe that the information contained in the memoranda, when viewed in its entirety, supports the opposite conclusion that, in fact, a lawsuit might ensue, especially in light of the seriousness of the injury and the claim of mechanical malfunction.

■■ According to the requirements set forth in the insurance policy,

defendant was under a duty to notify plaintiff of an occurrence or claim "as soon as practicable." Since defendant received information regarding the accident on the same day that it occurred, the duty to notify plaintiff arose at that time. Moreover, the fact that the information was not forwarded to the corporate officer in charge of such matters, nor was there additional inquiry until the summons and complaint were received, demonstrates that defendant failed to use due diligence in determining whether they were actually liable and thereafter notifying plaintiff of the accident. Thus, under the facts and circumstances in this case, we cannot say that defendant acted reasonably, thereby excusing the delay in notice to plaintiff.

Additional support for our position can be found in *City of Chicago v. United States Fire Insurance Co.* (1970), 124 Ill. App. 2d 340, 260 N.E.2d 276, where the court upheld a motion for summary judgment based on facts similar to those presented here. In discussing the basis for excusable delay the court stated:

"The subject of excuses for delayed notice in insurance liability cases was extensively reviewed at 18 ALR 2d 470. We learn there that courts have, on occasion, excused a late notice where the insured was ignorant of the accident or injury; where the insured, acting as a reasonable man, believed that he was not liable; where, due to the trivial nature of the occurrence, the insured believed no claim would be filed; or where the insured, acting as a reasonably prudent person, believed that the accident was not covered by the policy." (124 Ill. App. 2d 340, 346, 260 N.E.2d 276, 279-80.)

A review of the facts in this case reveals that it does not fall within any of the categories establishing excusable delay.

Therefore, we find that the trial court correctly held that defendant failed to give timely notice and to offer any reasonable excuse for delay. As such, plaintiff's motion for summary judgment was properly granted.

Accordingly, we affirm the judgment of the trial court.

Judgment affirmed.

LORENZ and MEJDA, JJ., concur.