CAROL FLETCHER, Plaintiff-Appellant, v. PALOS COMMUNITY CON-SOLIDATED SCHOOL DISTRICT NO. 118 *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 86—3438

Opinion filed December 16, 1987.

Frederick J. Daley, of Chicago, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (Joseph J. Hasman and Daniel A. Engel, of counsel), for appellees.

JUSTICE FREEMAN delivered the opinion of the court:

Plaintiff-appellant, Carol Fletcher, appeals from the trial court's granting of a motion for summary judgment in favor of defendant, Sun Life Assurance Company of Canada. For the reasons stated below, we affirm the judgment of the trial court.

Plaintiff filed suit against Sun Life and other defendants, asserting that, as beneficiary of her deceased husband's life insurance policy, she was entitled to proceeds provided for under the policy provisions. The subject insurance policy was issued by defendant, Sun Life, to the Palos school district for the benefit of the school district's employees. Plaintiff's husband, Verne P. Fletcher, was an employee of the Palos school district and was insured under the policy. The policy provided extended death benefits for totally disabled employees after termination of the insurance. According to the terms of the policy, termination of insurance occurred upon termination of employment of the insured. Verne Fletcher became disabled and his employment terminated on September 15, 1978. Verne Fletcher died in December 1978.

Plaintiff filed her original action on September 15, 1978, naming Palos Community Consolidated School District No. 118 and officers of the school district, as well as Mutual of Omaha Insurance Company, as defendants. Sun Life was not a party to the original action. In her initial complaint, plaintiff claimed entitlement to benefits of a life insurance policy issued by Mutual of Omaha by virtue of her husband's employment. The school district filed answers to plaintiff's written interrogatories on December 31, 1980. The school district's answers identified Verne Fletcher's coverage under the Sun Life policy and had attached a copy of the policy.

On February 24, 1981, plaintiff filed a first amended complaint, naming Sun Life as an additional defendant. On July 24, 1981, plaintiff filed her second amended complaint. Sun Life was served with the second amended complaint on May 21, 1982. On August 25, 1983, plaintiff sent a letter to Sun Life, providing medical records as proof of Verne Fletcher's disability from September 15, 1978, to his death. By settlement and agreement, the codefendant school district and its officers were dismissed from the action on March 6, 1984. On July 30, 1986, plaintiff filed her third amended complaint, naming Sun Life as the sole defendant. The trial court granted Sun Life's motion for summary judgment on November 10, 1987.

The policy's extended death benefit provision is included under the employee life insurance benefit section of the policy. The pertinent language of the extended death benefit provision follows:

"Benefit. If Sun Life receives the required notice and proof that an employee's life insurance terminated while he was totally disabled and that his total disability began before his 60th birthday and continued without interruption until his death, Sun Life will pay a death benefit equal to the amount of life insurance for which the employee was insured immediately before his insurance termination, subject to the same reductions or termination at specified ages as would have been applicable to his life insurance if it had not terminated.

Written notice of claim must be given to Sun Life at its Head Office or to one of its authorized agents while the Employee Life Insurance Benefit Provision of the policy is in full force and effect for the class or subdivision of employees to which the employee belonged immediately before he became disabled.

Proof that the employee became totally disabled while insured under this Provision and before his 60th birthday must be furnished to the Head Office of Sun Life *not later than one year* [emphasis added] after termination of his insurance. Sun Life may require periodic proof of the continuance of total disability at any time but not more often than once a year."

On appeal plaintiff asserts that the trial court improperly granted defendant's motion for summary judgment in that it based its decision on plaintiff's failure to comply with the one-year proof of disability provision of the policy. Plaintiff contends that she did not become aware of the existence of the policy until December 1980, when the school district attached a copy of the policy to its answers to plaintiff's written interrogatories. Plaintiff asserts that her lack of knowledge excused her failure to provide proof within one year of the termination of insurance, even if the proof provision is considered a condition precedent to coverage under the policy. Plaintiff also contends that her failure to provide proof within the one-year period was not due to her own fault or negligence. Additionally, plaintiff asserts that service of process of the second amended complaint on defendant sufficiently provided both notice and proof of disability.

Plaintiff further points to the general rule that the reasonableness of notice to the insurance company is a question of fact for the jury and asserts that the issue cannot be resolved on a motion for summary judgment. Plaintiff also asserts that since the policy fails to state expressly what proof should be provided, the question of sufficiency of proof of disability is one of material fact which cannot be resolved on a motion for summary judgment. Finally, plaintiff notes

the general proposition that forfeiture of the benefits of insurance is not favored by the law, and that courts will construe insurance policies strictly against the insurer and liberally in favor of the insured.

· Both parties submitted affidavits for the trial court's consideration with regard to defendant's motion for summary judgment. Plaintiff filed an affidavit indicating that between the date of her husband's death and the date she filed her lawsuit, she contacted three attorneys to ascertain what benefits she may have been entitled to by virtue of her husband's employment. Plaintiff stated that there were no documents pertaining to insurance benefits by Sun Life among her husband's personal effects, and she had no actual knowledge that her husband had insurance coverage with Sun Life.

Plaintiff's attorney submitted an affidavit which asserts that due diligence was used to name Sun Life as a party defendant after plaintiff learned of potential benefits under defendant's policy. The affidavit further states that on January 22, 1981, plaintiff's counsel filed a motion for leave to name Sun Life as an additional party defendant, and that Sun Life "was ordered a party defendant" on February 26, 1982. Further, the affidavit indicates plaintiff's counsel's efforts in attempting to locate and serve Sun Life. The affidavit states that, in response to a request, counsel for the school district advised plaintiff's counsel by letter dated February 2, 1982, that there was no known agent or broker for Sun Life. On February 9, 1982, plaintiff's counsel caused a summons to issue for Sun Life through the Director of Insurance. Plaintiff's counsel caused an alias summons to be served on Sun Life on April 12, 1982. Based on information provided by Sun Life, Sun Life received the summons and complaint on May 21, 1982.

Roger A. Montgomery, defendant's manager of policyholder services, stated in an affidavit that "the first claim of any sort" it received was plaintiff's second amended complaint, served on defendant on May 21, 1982. The affidavit also states that plaintiff's August 25, 1983, letter, which had attached medical records regarding plaintiff's decedent's disability, was the first notice and purported proof that defendant received that made a specific claim to the extended death benefit.

Laura Robert, defendant's manager of group underwriting services department, submitted an affidavit which describes Sun Life's procedures for adjusting premiums. The affidavit states that the codefendant school district was considered, for the purpose of assessing and adjusting annual premiums, to be a member of a group insurance pool. In order to adjust premiums of members of the pool on a

periodic basis, defendant reviewed and analyzed the then total amount of payable and paid life insurance claims and valid claims to the extended death benefit under the group policies issued to members of the pool. Based upon each of its periodic reviews and analyses, defendant adjusted premiums uniformly to all members of the pool. If life insurance claims, or notice and proof of claims to the extended death benefit, were not made in a timely fashion, defendant contends, that it would be unable to adjust premiums to members of the pool accurately and would be prejudiced thereby.

■■ ■ In reviewing the trial court's granting of summary judgment, we must consider all grounds urged and facts revealed in the trial court in order to determine whether a genuine issue as to a material fact remained to be determined by a jury and whether the party is entitled to judgment as a matter of law. (*Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657.) After reviewing the parties' affidavits and other documents attached to their memoranda in support of and in opposition to the motion for summary judgment, and the record of the hearing on the motion for summary judgment, we find that the trial court properly entered summary judgment in favor of defendant.

It is undisputed that plaintiff failed to file notice and proof of claim within one year of the termination of her husband's insurance (the date of termination of his employment), as required by the policy. Plaintiff asserts that the trial court failed to consider that her lack of knowledge excused her from filing notice and proof within one year. The record, however, indicates that the trial court properly considered plaintiff's alleged excuse, which plaintiff fully set forth in her memorandum in opposition to the motion for summary judgment and further argued at the hearing on the motion.

■ We note that generally the time within which notice is required is determined by a standard of reasonableness, based upon the facts and circumstances of a particular case. (*United States Fidelity & Guaranty Co. v. Maren Engineering Corp.* (1980), 82 Ill. App. 3d 894, 403 N.E.2d 508.) Further, Illinois courts have held that if there are no disputed material facts, the trial court may in appropriate circumstances decide the issue of reasonable notice as a matter of law. *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253; *INA Insurance Co. v. City of Chicago* (1978), 62 Ill. App. 3d 80, 379 N.E.2d 34.

■ The parties do not dispute that defendant failed to receive any notice of a claim by plaintiff to benefits under the policy until it was served with plaintiff's second amended complaint in May 1982.

Further, the evidence indicates that plaintiff failed to submit an offer of proof until August 1983, approximately two years, eight months after she became aware of the policy in December 1980. Under these circumstances, the record supports a finding that, as a matter of law, plaintiff failed to act reasonably and with diligence in submitting notice and proof of claim to defendant.

This result is supported by case law. In *United States Fidelity & Guaranty Co. v. Maren Engineering Corp.* (1980), 82 Ill. App. 3d 894, 403 N.E.2d 508, the court stated that the insured's duty to notify the insurer arose on the day when the insured received information regarding an accident which potentially was covered under the insurance policy. In *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253, the court held that notice given six months after an accident was not given within a reasonable time. In *Charter Oak Fire Insurance Co. v. Snyder* (1974), 22 Ill. App. 3d 350, 317 N.E.2d 307, the court held that a delay of four months prior to giving notice was unjustified or inexcusable. While these cases are factually distinguishable from the instant case, they support the proposition that the insurance company is entitled to receive prompt notice of a claim. Plaintiff in the instant case failed promptly to serve Sun Life with notice, either within the time required by the policy or within a reasonable time after she became aware of the existence of the policy.

Even if we accept plaintiff's argument that service of the complaint constituted notice to defendant, the record indicates that plaintiff failed to notify defendant within a reasonable time of her claim under the extended death benefits provision. (*Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253.) Plaintiff's second amended complaint, served on defendant on May 21, 1982, fails to make any specific claim to the extended death benefit. It is only in her third amended complaint, filed on July 30, 1986, that plaintiff makes a specific claim to the extended death benefits. Based on plaintiff's argument, notice of a claim may be considered to have been given when plaintiff's third amended complaint was filed and served on defendant in July 1986.

Plaintiff also asserts that the question of prejudice to defendant must be considered as a factor in determining the reasonableness of the delay. Plaintiff contends that defendant failed to show facts which constitute the kind of prejudice that will defeat plaintiff's assertion that notice was reasonable. That is, defendant failed to show that it was unable to investigate the claim so as to protect itself from unwarranted claims or that it was in any worse condition when

service of process was made than it would have been had plaintiff filed a claim within the one-year period for providing notice and proof.

We note that the court in *Casualty Indemnity Exchange v. Village of Crete* (7th Cir. 1984), 731 F.2d 457, stated that whether the question of prejudice is material to a particular case is an issue of law. The lack of prejudice to the insurer may be a factor in determining whether reasonable notice has been given, but the absence of prejudice is not a condition which would nullify the notice requirement. (*Simmon v. Iowa Mutual Casualty Co.* (1954), 3 Ill. 2d 318, 121 N.E.2d 509.) The lack of prejudice to the insurer is a factor to be considered only where the insured had a good excuse for the late notice or where the delay was relatively brief. (*Casualty Indemnity Exchange v. Village of Crete* (7th Cir. 1984), 731 F.2d 457; *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253.) While the trial court in the instant case did not make an express finding regarding prejudice, the question of prejudice was addressed by the parties in their memoranda in support of and in opposition to the motion for summary judgment and at the hearing below. Therefore it is proper for this court to review the issue in determining whether the trial court's ruling was proper. *Marshall v. City of Chicago Heights* (1978), 59 Ill. App. 3d 986, 376 N.E.2d 657.

We find that the record in the instant case supports a finding that, as a matter of law, the issue of prejudice was not relevant. (*Casualty Indemnity Exchange v. Village of Crete* (7th Cir. 1984), 731 F.2d 457; *Illinois Valley Minerals Corp. v. Royal-Globe Insurance Co.* (1979), 70 Ill. App. 3d 296, 388 N.E.2d 253.) We have found that plaintiff failed to act with reasonable diligence in submitting notice and proof of claim to defendant. Even assuming that service of process of the second amended complaint constituted sufficient notice of a claim, such service was not made until May 1982, approximately 18 months after plaintiff became aware of the policy. Further, plaintiff failed to make a specific claim to the extended death benefit until she sent a letter to defendant in August 1983. Additionally, her first submission of proof of claim came by way of the letter in August 1983, approximately 15 months after defendant was served with the complaint and approximately two years, eight months after plaintiff became aware of the policy. Such a delay was not relatively brief. Nor did plaintiff show a good excuse for the late notice. Therefore, the question of prejudice to defendant was not relevant (*INA Insurance Co. v. City of Chicago* (1978), 62 Ill. App. 3d 80, 379 N.E.2d 34)

and the trial court properly granted summary judgment in favor of defendant. *Casualty Indemnity Exchange v. Village of Crete* (7th Cir. 1984), 731 F.2d 457.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA, P.J., and WHITE, J., concur.