HIGHLANDS INSURANCE COMPANY,
Plaintiff–Appellant,

v.

LEWIS RAIL SERVICE COMPANY,
Defendant–Appellee.

No. 93–1034.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 23, 1993.

Decided Oct. 29, 1993.

**1248**

Robert J. Bates, Jr., Frank A. Citera (argued), William M. Cohn, Pope & John, Chicago, IL, plaintiff-appellant.

John B. Cashion (argued), Chicago, IL, for defendant-appellee.

Before FLAUM and KANNE, Circuit Judges, and ESCHBACH, Senior Circuit Judge.

ESCHBACH, Senior Circuit Judge.

In this diversity action, Highlands Insurance Company ("Highlands") sued Lewis Rail Service Corporation ("Lewis") pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, for a declaration that Highlands, Lewis' excess insurance carrier, owed no coverage for claims under the Federal Employ-ers' Liability Act, 45 U.S.C. § 51 *et seq.*, arising from injury to Lewis' employee, Robert Lewellyn, who recovered almost $2 million in a settlement with Lewis and other parties. Because Lewis did not properly notify Highlands of the accident or lawsuit as required by the insurance contract, the district court granted Highlands' motion for summary judgment. Lewis now seeks review of Judge Conlon's summary dispositions. We have jurisdiction over this final disposition pursuant to 28 U.S.C. § 1291. Both parties agree that Illinois law governs this appeal. We affirm.

## I. BACKGROUND

In 1983, in connection with a railway construction project in Nebraska, Highlands issued a $9 million excess insurance policy to Chicago and Northwestern Transportation Company ("C & NW") with Lewis as a named insured, over and above a primary insurance policy of $1 million issued by National Union Insurance Company ("National"). Highlands issued the excess insurance policy through Rollins Burdick Hunter of Illinois, Inc. ("Rollins"), an insurance broker. The policy's notice provisions provided in part that:

> (e) **Insured's Duties in the Event of Occurrence, Claim or Suit.** In the event of any occurrence which is *likely to involve this policy*, written notice ... shall be given by or for the Insured to the Company *as soon as practicable....*

> If *Claim is made or suit is brought* against the Insured, the Insured shall *immediately* forward to the Company every demand, notice, summons or other process received by him or his representatives.

(Emphasis supplied.)

On July 25, 1984, Robert Lewellyn was severely injured while working for Lewis at the Nebraska construction site, and on June 24, 1986, Lewellyn sued Lewis, C & NW, and another party. Lewis sent notice of the accident and claim to Rollins and an affiliate of National on July 9, 1986. Highlands, however, did not receive notice of the accident or lawsuit until April 6, 1992, only six weeks prior to trial and well after the investigations

of the accident site, pretrial discovery, and preliminary settlement negotiations had taken place. Fearing potentially greater liability and without adequate time to prepare a defense, Highlands agreed to pay $300,000 on behalf of Lewis as part of an overall settlement agreement in which Lewellyn received almost $2 million. Highlands' portion was paid pursuant to a nonwaiver agreement with Lewis. On May 20, 1992, Highlands filed for a declaration that Highlands was not obligated under the policy to pay Lewis, alleging, in part, that Lewis failed to comply with the insurance policy's notice provisions.

Both Highlands and Lewis moved for summary judgment. Pursuant to Local Rule 12(M), Highlands filed with its motion for summary judgment a "Statement of Material Facts as to which there are no Genuine Issues." Lewis did not contest this Statement as permitted by Rule 12(N).[1] Further, Lewis did not file its own Rule 12(M) statement with its motion for summary judgment. Because Lewis did not file either a Rule 12(M) or Rule 12(N) statement, the district court found that Lewis admitted to each and every fact as alleged in Highlands' Rule 12(M) statement, and subsequently granted Highlands' motion and denied Lewis' motion. Lewis then filed a motion to reconsider, a motion renewing its prior request for leave to file a third-party complaint, and a motion

requesting the court to make findings of fact, all of which the district court denied. Lewis appeals.[2]

## II. ANALYSIS

 We review summary judgments *de novo, Phillips v. Lincoln Nat'l Life Ins. Co.,* 978 F.2d 302, 307 (7th Cir.1992) (citation omitted), and denials of motions to reconsider under an abuse of discretion standard, *DeBruyne v. Equitable Life Assur. Soc'y,* 920 F.2d 457, 470 (7th Cir.1990) (citation omitted). We believe the district court correctly granted Highlands' motion for summary judgment and hold that the district court did not abuse its discretion in denying Lewis' motion to reconsider. In considering summary judgments, we are mindful that "[s]ummary judgment should be granted only when no genuine issues of material fact exist and when the moving party is entitled to judgment as a matter of law." *Central States, Southeast & Southwest Areas Pension Fund v. Jordan,* 873 F.2d 149, 152 (7th Cir.1989).

### A.

 Citing *Hartford Accident and Indem. Co. v. Rush–Presbyterian–St. Luke's Medical Ctr.,* 231 Ill.App.3d 143, 172 Ill.Dec. 641, 595 N.E.2d 1311 (1st. Dist.1992), Lewis contends at length that Illinois law requires Highlands to demonstrate prejudice to the

1. Local Rule 12, in relevant part, states:

M. With each motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure the moving party shall serve and file, *in addition to the affidavits (if any) and other materials* referred to in Rule 56(e) and a supporting memorandum of law, a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law including a description of the parties and all facts supporting venue and jurisdiction in this Court. That statement shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. *Failure to submit such a statement constitutes grounds for denial of the motion.*
N. Each party opposing a Rule 56 motion shall serve and file, together with opposing affidavits (if any) and other materials referred to in Rule 56(e) and a supporting memorandum of law, a concise response to the movant's

statement. That response shall contain (1) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (2) a statement, consisting of short numbered paragraphs, of any additional facts which require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon. *All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party.*
(Emphasis supplied.)

2. Highlands filed a motion to strike portions of Lewis' brief in this Court. Although such a ruling is academic given our disposition in Highlands' favor on the merits, we grant such motion insofar as Lewis' brief introduces facts which were not properly before the district court as part of Highlands' Local Rule 12(M) Statement of Undisputed Facts.

insurer to prove breach of the policy's notice provisions. Lewis is correct that the Illinois Appellate Court in *Rush* specifically disavowed this Circuit's approach in *Atlanta Int'l Ins. Co. v. Yellow Cab Co.*, 962 F.2d 657, 659 (7th Cir.1992) regarding "reasonable" or "as soon as practicable" notice provisions (as in the first notice provision above). Lewis is also correct that Illinois courts consider prejudice to the insurer one important factor in determining reasonability of notice. Yet even if we agreed that Highlands suffered no prejudice, which we do not, *Rush* does not apply to Highlands' second notice provision requiring *immediate* notice upon the filing of a claim or lawsuit. Illinois law does not require prejudice to the insurer where the notice provision is one of *prompt* notice, *see INA Ins. Co. v. Chicago*, 62 Ill.App.3d 80, 19 Ill.Dec. 519, 379 N.E.2d 34 (1st Dist.1978), or where there is no good reason for the late notice or where the delay was relatively brief. *See Fletcher v. Palos Comm'y Consol. Sch. Dist. No. 118*, 164 Ill.App.3d 921, 115 Ill.Dec. 838, 518 N.E.2d 363 (1st Dist.1987).

In *Rush*, Hartford Insurance was both the primary and excess insurer. The primary policy required *immediate* notice of any occurrence, but the excess policy required notice only if an occurrence was *likely to involve* indemnity under the policy. A claim was filed against Rush for an amount in excess of the primary policy, but Rush neglected to inform Hartford. The trial court in *Rush* granted summary judgment to Hartford under both primary and excess insurance policies. Rush appealed *only* the judgment on the excess policy coverage (essentially admitting that its delayed notice was insufficient to satisfy the immediate notice requirement for the primary coverage), whereupon the court held that where notice is required only when it "appears likely" to implicate the excess coverage, the insured has reasonable discretion as to when to inform the insurer. The *Rush* court identified both unreasonable delay and prejudice to the

insurer as important factors in determining the reasonability of notice.[3] However, Highlands' insurance contract required notice "as soon as practicable" in the event of an occurrence likely to implicate the excess policy *and* immediate notice upon the filing of a lawsuit. Therefore, at least under the second notice provision requiring immediate notice upon claim or lawsuit, we agree with the district court that Lewis failed to notify Highlands properly, thereby absolving Highlands of its coverage obligations under the excess policy.

▪ With respect to the first notice provision, which is subject to the reasonability criteria set out in *Rush*, Lewis' failure to notify Highlands until eight years after the accident and six years after Lewellyn filed suit prejudiced Highlands and was unreasonable under the circumstances. Notice to Highlands came after investigations of the accident scene, pretrial discovery, and preliminary settlement negotiations had already taken place.[4] Highlands obviously could not successfully craft a defense to a substantial six-year old claim in less than six weeks. Furthermore, Highlands could not blindly and without input rely on National, the primary insurance provider, to protect Highlands' interests once the settlement amount exceeded the primary insurance coverage because National would have no further financial interest and no incentive to protect Highlands. Lewis argues that it did not believe the claim was "likely to involve" the excess policy until the time at which Highlands was notified. This is remarkable given the several instances in the record which strongly suggest Lewis had notice that Lewellyn's claim would likely exceed the primary policy limit of $1 million. (Plaintiff's Exhibits G, H, J, L, M, O, and P.)

### B.

▪ As a second ground for reversal, Lewis argues that absent proof it actually received a copy of the policy, Highlands is

---

**3.** *Id.* 172 Ill.Dec. at 646, 595 N.E.2d at 1316. Lewis' argument regarding the prerequisite showing of prejudice is too strong. As this Court has reiterated, prejudice is an important factor, but only one among many, including the sophistication of the parties, which in this case works against Lewis. *See Imperial Casualty & Indem.*

*Co. v. Chicago Hous. Auth.*, 987 F.2d 459, 463 (7th Cir.1993).

**4.** By contrast, in *Rush* the insured gave notice only 20 months after the claim was filed, and approximately eight months prior to trial, leaving substantial time for defense preparation.

equitably estopped from enforcing its terms. Lewis waived this argument by failing to raise this argument until its motion to reconsider. *Granite State Ins. Co. v. Degerlia,* 925 F.2d 189, 192 n. 7 (7th Cir.1991). Therefore, we do not consider it.[5]

### C.

As a third argument for reversal, Lewis contends that Rollins was an agent of Highlands, and therefore his notice to Rollins was effective notice to Highlands. Lewis waived this argument by not raising it until this appeal. *Chicago v. Matchmaker Real Estate Sales Ctr., Inc.,* 982 F.2d 1086, 1101 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 2961, 125 L.Ed.2d 662 (1993). This Court may only consider those facts and issues before the district court when it made its decision on summary judgment.[6]

### D.

Lewis argues next that the district court abused its discretion in denying its

motion for leave to file a third-party complaint.[7] The decision to permit a third-party complaint is within the sound discretion of the trial court, based on the timeliness of the motion and reasons for delay. *Dean v. Barber,* 951 F.2d 1210, 1215 (11th Cir.1992); *Albino v. Chicago,* 578 F.Supp. 1487, 1489 (N.D.Ill.1983). The district court did not abuse its discretion in denying Lewis' motion. Lewis waited until after discovery and three weeks before summary judgment motions were due to file its motion, with no excuse other than that its counsel was trying to save money for his client. Adding parties at such a late date would have substantially delayed the proceedings and unnecessarily complicated them. Lewis may still retain the option of suing those parties in federal and/or state court.

### E.

Finally, Lewis argues that the district court should have granted its motion

and never entered into an agency agreement with Highlands stating that Rollins was Highlands' agent, for any purpose, including but not limited to the purpose of receiving notice of claims or lawsuits on behalf of Highlands. Highlands' Rule 12(M) Statement, p. 13.

Absent any Local Rule 12(N) or 12(M) filing by Lewis, the district court was entitled to rely on Highlands' Rule 12(M) Statement as admitted by Lewis. *See Valenti v. Qualex, Inc.,* 970 F.2d 363, 368–69 (7th Cir.1992); *Schulz v. Serfilco, Ltd.,* 965 F.2d 516, 519–20 (7th Cir.1992). Counsel's request in oral argument that this Court overlook Local Rule 12(N) as a mere technicality ignores this Court's avowed support of the district courts' strict adherence to Local Rule 12(N). *See Schulz* at 519. Lewis cannot expect the district judge to divine what issues are uncontroverted and what issues are in dispute. This is the province of the Rule 12(N) Statement. Lewis also contends that this Court should treat the affidavit of Phil Lewis and two depositions, filed with its motion for summary judgment, as either its Rule 12(M) or 12(N) Statement. Our doing so would defeat the purpose of Rule 12. Nevertheless, Phil Lewis' self-serving statement that he did not know the magnitude of the damage is clearly contradicted in several places in the record.

---

5. Even on its merits, the case on which Lewis relies, *Grasso v. Mid–Century Ins. Co.,* 181 Ill. App.3d 286, 129 Ill.Dec. 927, 536 N.E.2d 977 (1st Dist.1989), dealt with substantially different circumstances. *Grasso* involved the failure of an unsophisticated 19 year-old insured to give notice. The *Grasso* court excused her failure to give notice because she in fact did not know about the additional coverage, she had never read the policy, and had never been involved in an insurance claim before. Conversely, Phil Lewis, CEO for Lewis, was sophisticated and he knew about the policy, even if he was not aware of its precise language. (Letter to Phil Lewis from Rollins, dated December 21, 1983, Plaintiff's Exhibit A.) Moreover, Illinois case law suggests that an insurer has no duty to deliver policies to every insured party in a group policy because the relationship is between the insured and the policyholder. In this case, the primary policyholder was CNW and Lewis was a named insured. *See Martz v. Union Labor Life Ins. Co.,* 757 F.2d 135, 141 (7th Cir.1985).

6. Regardless, Highlands' Local Rule 12(M) filing specifically sets out the relevant facts clearly proving that Rollins was not an agent of Highlands. Highlands' Rule 12(M) Statement provides, in part:

> ... Rollins was an independent insurance broker that held itself out generally to the public for business, and placed numerous types of insurance risks with numerous carriers. Rollins was never controlled by Highlands. Rollins was never a licensed agent of Highlands,

7. Lewis sought to implead several parties, including his first lawyer, the claims adjuster, and Rollins. Lewis claimed they had a duty to notify Highlands in their various capacities, and therefore should be liable for the damages resulting from the failure to give adequate notice.

to make findings of fact regarding the basis on which the district court granted Highlands summary judgment—specifically, whether the district court based its decision on the failure to give notice about the suit or the failure to give notice prior to that time. Federal Rule of Civil Procedure 52(a), requiring findings of fact, does not apply in Rule 56 summary judgment decisions. Moreover, this Court has specifically discouraged findings of fact in summary judgment orders where they create the impression that issues of fact were actually in dispute. *See A R Inc. v. Electro–Voice, Inc.,* 311 F.2d 508, 513 (7th Cir.1962). In this case the only relevant, undisputed facts were those contained in Highlands' Rule 12(M) Statement. *See Valenti, supra; Schulz, supra.* A separate finding of fact in this case was therefore unnecessary.

### III. CONCLUSION

Because of the aforementioned reasons, we agree with the district court's decision to grant Highlands summary judgment and deny Lewis' motions to reconsider and therefore AFFIRM the district court.

AFFIRMED.