**Houston JONES, Plaintiff–Appellee,**

v.

**Tyson JOHNSON, et al., Defendants– Appellants.**

No. 93–3777.

United States Court of Appeals, Seventh Circuit.

Argued May 10, 1994.

Decided June 14, 1994.

Edward G. Proctor, Jr. (argued), Sandman, Levy & Petrich, Chicago, IL, for plaintiff-appellee.

Richard T. Ryan, Mark F. Smolens (argued), Flynn, Murphy & Ryan, Chicago, IL, for defendants-appellants.

Before ESCHBACH, EASTERBROOK, and KANNE, Circuit Judges.

PER CURIAM.

Defendants have filed an interlocutory appeal to assert the defense of official immunity.

Although *Mitchell v. Forsyth,* 472 U.S. 511, 524–29, 105 S.Ct. 2806, 2814–17, 86 L.Ed.2d 411 (1985), permits immunity appeals under the collateral order doctrine, we held in *Elliott v. Thomas,* 937 F.2d 338 (7th Cir.1991), that defendants may urge only legal issues on such appeals. Accord, *Crawford–El v. Britton,* 951 F.2d 1314, 1317 (D.C.Cir.1991); see also *Meyer v. Robinson,* 992 F.2d 734, 737–38 (7th Cir.1993). A cry of "we didn't do it" does not present any distinctly legal issue or seek protection from legal uncertainty, the genesis of doctrines of official immunity.

To see that appellants are contending that they did not commit the acts of which plaintiff accuses them, one need not get beyond the first argument heading in their brief:

WHERE NOT A SCINTILLA OF EVIDENCE EXISTS THAT ONE OR MORE OF THE DEFENDANTS, JOHNSON, DEEVEY OR PAYNE, EVER STRUCK, PUNCHED OR KICKED THE PLAINTIFF, OR EVER OBSERVED ANYONE DOING SO—EITHER IN THE PARKING LOT OR IN THE POLICE STATION—SAID DEFENDANTS ARE ENTITLED TO A SUMMARY JUDGMENT ON THE PLAINTIFF'S "EXCESSIVE FORCE" CLAIMS

Defendants do not deny that *if* they beat the plaintiff, as he believes they did, then they lack immunity. *Whether* they beat the plaintiff is a question that must be resolved in the district court before it may be reviewed on appeal. When asked at oral argument if they could lose the factual dispute and still prevail, defendants' lawyer answered no. In consequence, we lack appellate jurisdiction over the contention that the defendants did not commit or abet battery.

The excessive force claim must be distinguished from the plaintiff's argument that the defendants lacked probable cause to arrest him. It is undisputed that an officer found plaintiff, apparently intoxicated, hitting his head against a building, and took him into custody. These facts imply disorderly conduct, which supports an arrest. Plaintiff contends that he was not drunk but was suffering from an insulin reaction, and that the police should have figured this out. The magistrate judge, presiding by consent under 28 U.S.C. § 636(c), concluded that plaintiff had not adduced sufficient evidence to dispute the officers' version of the arrest— which, if accepted, entitles them to immunity if not to prevail outright. *Hunter v. Bryant,* —— U.S. ——, ——, 112 S.Ct. 534, 537, 116 L.Ed.2d 589 (1991); *Mahoney v. Kesery,* 976 F.2d 1054, 1057–59 (7th Cir.1992). But the judge concluded that because the excessive force claim had to be tried, and because the plaintiff might come up with more evidence before trial, the false arrest claim also should be tried.

■ This approach is mistaken. Summary judgment is not a discretionary remedy. If the plaintiff lacks enough evidence, summary judgment must be granted. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–51, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Immunity claims should be resolved as early in the case as possible—and by the court rather than the jury. *Elder v. Holloway,* —— U.S. ——, ——, 114 S.Ct. 1019, 1023, 127 L.Ed.2d 344 (1994); *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Elliott,* 937 F.2d at 344–45. On the facts that this record

presents, taken in the light most favorable to plaintiff, an arrest did not "violate clearly established ... rights of which a reasonable person would have known". *Harlow,* 457 U.S. at 818, 102 S.Ct. at 2738. The three appellants therefore are entitled to qualified immunity on the false arrest claim.

The judgment on the false arrest claim is reversed, and the appeal is dismissed to the extent appellants seek review of the excessive force claim.