**William J. BUSSINGER; Susan Bickley Bussinger, his wife, Plaintiffs–Appellees,**

v.

**CITY OF NEW SMYRNA BEACH, FLORIDA, William N. Gambert, in his capacity as personal representative for Clarence McMillon, deceased, Defendants,**

Denver Fleming, individually and in his official capacity as Police Chief, Frank Roberts, individually and in his official capacity as city manager, Defendants–Appellants.

No. 93–2102.

United States Court of Appeals, Eleventh Circuit.

April 20, 1995.

Dean, Ringers, Morgan and Lawton, P.A., Lamar D. Oxford, Orlando, FL, for appellants.

Patricia L. Strowbridge, Sharon Lee Stedman, Orlando, FL, David A. Vukelja, Moore, Wood, Simpson, Korey, McKinnon & Vukelja, Ormond Beach, FL, for Bussingers.

Before KRAVITCH, Circuit Judge, GODBOLD and MORGAN, Senior Circuit Judges.

KRAVITCH, Circuit Judge:

Denver Fleming and Frank Roberts appeal the district court's denial of their motion for summary judgment on the ground that they have qualified immunity in a suit under 42 U.S.C. § 1983. We REVERSE in part and AFFIRM in part.

I.

Appellee William Bussinger served as Patrol Commander for the City of New Smyrna Beach, Florida (the "City"). Bussinger was named Acting Administrative Coordinator when the City's Police Chief was placed on administrative leave. Bussinger and Acting Police Chief Denver Fleming were considered to be possible candidates to replace the former chief.

The terms and conditions of Bussinger's employment were governed by a collective bargaining agreement ("CBA") between the City and the Coastal Florida Police Benevolent Association. The CBA provided that Bussinger could be disciplined, suspended, or terminated only for just and proper cause.

Bussinger arrested Clarence McMillon on July 29, 1988, for traffic violations. Shortly thereafter, McMillon complained that Bussinger had threatened him with violence at the time of his arrest. Bussinger denied the allegation. Fleming suspended Bussinger with pay, pending an investigation of McMillon's charges.

After Bussinger's suspension, police department employees made additional unrelated charges against Bussinger. Bussinger and the City agreed to submit all claims to a neutral Complaint Review Board. The Board was charged with investigating the claims against Bussinger and recommending any necessary disciplinary actions. The Board issued its report on July 30, 1989. It found substantiation for three of the claims against Bussinger: (1) unauthorized use or destruction of criminal history information; (2) misuse of authority by intercepting oral communications; and (3) sexual discrimination and harassment. The Board recommended a policy to address sexual harassment and remanded the other two claims to Fleming for appropriate disciplinary action.

In response to the Board's report, Fleming demoted Bussinger from lieutenant to patrolman on August 3, 1989. Bussinger pursued the first two steps of the grievance procedure laid out in the CBA. On August 22, 1989, concurrent with the second step of his grievance process, Bussinger resigned. After his resignation, Bussinger pursued the third and final step of the CBA grievance procedure.

Having obtained no relief, Bussinger proceeded to arbitration with the City. At the parties' request, arbitrator Charles Frost formed the issue for arbitration. He stated the issue as "[w]hether or not the City violated the [collective bargaining] agreement when it demoted William Bussinger from the rank of Lieutenant to the rank of Patrol Officer." Although Bussinger had never filed an explicit constructive discharge grievance, Frost also stated that the City's action did not constitute constructive discharge. Bussinger did not pursue arbitration after the issue was formed.

Bussinger and his wife, Susan Bickley Bussinger, filed suit against the City, Fleming, City Manager Frank Roberts, and McMillon. Their Second Amended Complaint alleged that defendants violated Bussinger's substantive and procedural due process rights, his

freedom of speech, the Policeman's Bill of Rights (a Florida Statute), and the Florida Human Rights Act. It further alleged defamation and breach of contract. The Bussingers' theory was that Fleming had conspired with Roberts and perhaps McMillon to bring forward false allegations which would serve as a pretext for Bussinger's demotion or termination, would damage Bussinger's reputation, and would prevent Bussinger from becoming Chief of Police.

Appellants moved for summary judgment, alleging qualified immunity and other grounds. The district court granted summary judgment in favor of Appellants on the procedural due process claims arising from Bussinger's suspension and demotion, the intentional infliction of emotional distress claim, and the Human Rights Act claim. The district court also granted declaratory summary judgment as to the fact that the sole remedy for Bussinger's Florida statutory claim was injunctive relief and granted summary judgment in favor of the City on the punitive damages claim. The district court denied summary judgment on the substantive and procedural due process claims regarding Bussinger's alleged constructive discharge.[1]

Appellants appeal the district court's denial of summary judgment on the substantive and procedural due process claims regarding the alleged constructive discharge.[2]

## II.

■ We have jurisdiction to hear the appeal of a denial of summary judgment "claim of qualified immunity to the extent that [the denial] turns on an issue of law." *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). Although the district court stated that it was denying summary judgment because of insufficient facts, Appellants allege and we agree that the district court's decision rested on incorrect legal grounds. Accordingly, we

---

**1.** McMillon also moved for summary judgment. The district court denied the motion. McMillon is not a party to this appeal.

**2.** The district court's grant of summary judgment in favor of Appellants on the substantive and procedural due process claims regarding Bussinger's demotion and suspension are not at issue in this appeal.

have jurisdiction over the summary judgment denials at issue.[3]

Appellants also ask us to examine certain of the district court's evidentiary rulings. Because we resolve the issues on appeal without reference to these challenged rulings, we decline to review them.

### III.

■ We review the district court's denial of summary judgment *de novo*. *Menuel v. City of Atlanta*, 25 F.3d 990, 994 n. 7 (11th Cir.1994) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986)).

■ The Bussingers alleged that Appellants violated Bussinger's substantive due process rights by denying Bussinger his property interest in his job. Appellants argue that our intervening *en banc* decision *McKinney v. Pate*, 20 F.3d 1550 (11th Cir. 1994), *cert. denied*, —— U.S. ——, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995), forecloses the Bussingers' substantive due process claim.

In *McKinney*, we held that "areas in which substantive rights are created only by state law (as is the case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.'" *McKinney*, 20 F.3d at 1556 (quoting *Regents of Univ. of Mich. v. Ewing*, 474 U.S. 214, 229, 106 S.Ct. 507, 515, 88 L.Ed.2d 523 (1985) (Powell, J., concurring)). We gave our decision in *McKinney* full retroactive effect. *Id.* at 1566.

Because *McKinney* held that an employee with a protected interest in his job may not maintain a substantive due process claim arising out of his termination, we hold that Bussinger cannot prevail on his substantive due process claim. We therefore REVERSE the district court's denial of summary judgment in favor of Appellants as to the Bussingers' substantive due process claim.[4]

### IV.

■ The Bussingers alleged that Appellants violated Bussinger's procedural due process rights by failing to provide unbiased procedures through which he could grieve his constructive discharge claim and by failing to provide him with an adequate name-clearing hearing to protect his reputation. These claims are not foreclosed by *McKinney* because they involve procedural due process. *Id.* at 1560 (procedural due process claims are appropriate in employment context).

The district court denied summary judgment in favor of Appellants, finding that additional facts were required to determine if Bussinger had exhausted his administrative and state remedies.[5] The district court apparently misconstrued *Lewis v. Hillsborough Transit Authority*, 726 F.2d 664 (11th Cir. 1983), *cert. denied*, 469 U.S. 822, 105 S.Ct. 95, 83 L.Ed.2d 41 (1984), as requiring Section 1983 plaintiffs to exhaust their administrative and state remedies before bringing suit.

■ Exhaustion of remedies is not required before bringing a Section 1983 action. *Heck v. Humphrey*, —— U.S. ——, ——, 114 S.Ct. 2364, 2369, 129 L.Ed.2d 383 (1994) ("In

---

**3.** The Supreme Court has recently granted certiorari in *Jones v. Johnson*, 26 F.3d 727 (7th Cir.1994), *cert. granted*, —— U.S. ——, 115 S.Ct. 713, 130 L.Ed.2d 621 (1995), to address whether an appellate court may entertain an interlocutory appeal of a summary judgment denial of qualified immunity when the appealing party claims that the evidence failed to show wrongful conduct on his part. Unlike *Johnson*, this appeal involves both legal and factual questions. Accordingly, we are not compelled to wait for the Supreme Court's result.

**4.** The Bussingers' Second Amended Complaint does not state a cause of action for a substantive due process violation grounded on Bussinger's

liberty interest to be free from stigma. Therefore, we do not address whether the Bussingers could state such a claim and whether such a claim would survive *McKinney*. *See McKinney*, 20 F.3d at 1560.

**5.** As to the Bussingers' liberty interest claim, we construe their Second Amended Complaint as claiming procedural due process violations grounded on Bussinger's liberty interest in his reputation. Accordingly, we construe the district court's opinion as denying summary judgment in favor of Appellants on the liberty interest procedural due process claims arising from Bussinger's constructive discharge.

926

general, exhaustion of state remedies 'is not a prerequisite to an action under § 1983.'") (quoting *Patsy v. Board of Regents of Florida*, 457 U.S. 496, 501, 102 S.Ct. 2557, 2560, 73 L.Ed.2d 172 (1982)); *McKinney*, 20 F.3d at 1564, n. 20 (noting that dissent "correctly rejects any intimation of an exhaustion requirement"); *Brooks v. Georgia State Board of Elections*, 997 F.2d 857, 861 (11th Cir. 1993) ("Section 1983 does not have an exhaustion requirement."). *Lewis* merely requires courts to evaluate the adequacy of all remedies available to a plaintiff and not just those remedies he elected to pursue. *Lewis*, 726 F.2d at 667. *See also McKinney*, 20 F.3d at 1564 n. 20.

■ The district court limited its inquiry to whether Bussinger had exhausted his remedies. Instead of approaching the issue in this fashion, the district court should have examined the adequacy of all remedies available to the Bussingers, including arbitration and any possible state court relief in order to ascertain whether the arbitration and any other remedy available to the Bussingers were so inadequate as to violate clearly established law. Because we conclude that the facts in the record are insufficient for us to resolve this question, we AFFIRM the district court's denial of summary judgment.[6]

## V.

For the foregoing reasons, we REVERSE the district court's denial of summary judgment as to the substantive due process claim and AFFIRM the district court's denial of summary judgment as to the procedural due process claim.

REVERSED IN PART AND AFFIRMED IN PART.

---

**6.** In so doing, we acknowledge the lack of clarity in our circuit's law regarding whether, when there are unresolved issues of fact, we should dismiss an appeal for lack of jurisdiction or affirm the district court's denial of summary judgment. *Howell v. Evans,* 922 F.2d 712 (11th Cir.)

(noting lack of clarity), *vacated on other grounds,* 931 F.2d 711 (1991). Because we view the choice as having no impact on the litigation, we affirm the district court without resolving the conflict. *Id.*