**Steven ZOLTEK, Plaintiff,**

v.

**SAFELITE GLASS CORP., a Delaware Corporation, Defendant.**

No. 94 C 2903.

United States District Court,
N.D. Illinois,
Eastern Division.

May 3, 1995.

Laurie Ellen Leader, Keith L. Hunt, Leader & Hunt, P.C., Northbrook, IL, for plaintiff.

Arthur B. Smith, Jr., Tracey Lynne Truesdale, Murphy, Smith & Polk, Chicago, IL, Peter D. Stergios, Epstein, Becker & Green, P.C., New York City, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

. Before the court are the parties' cross motions for summary judgment. For the reasons stated below, Defendant's motion is granted and Plaintiff's motion is denied.

### FACTS[1]

Plaintiff Steven Zoltek ("Zoltek") brought this action against Defendant Safelite Glass Corporation ("Safelite") alleging that Safelite did not pay him overtime wages to which he was entitled in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207 (the "Act"). This court has jurisdiction pursuant to 29 U.S.C. § 216(b).

Safelite is a Delaware corporation engaged in the business of distributing and installing automotive glass. Zoltek has been employed by Safelite since November 26, 1990. From that date to April 18, 1993, with the exception of a three and one-half month period, Zoltek should have been classified and compensated as a non-exempt employee under the over-

---

1. The facts are drawn from the parties' submissions pursuant to Local Rules 12(M) and 12(N) of the United States District Court for the Northern District of Illinois and from the parties' Stipulation of Material Fact.

time and minimum wage requirements of the Act. However, during this time period, he was hired by Safelite as an exempt employee, compensated on a salaried basis, and the parties acted as though he were properly classified as exempt from the overtime and minimum wage requirements.

From the date he was hired until October 7, 1991, Safelite paid Zoltek at annual salary rate of $35,000. From October 7, 1991, through November 1, 1992, he was paid at an annual rate of $36,500. From November 1, 1992, through April 18, 1992, Safelite paid Zoltek at an annual rate of $37,800. Throughout the entire period between the date he was hired until April 18, 1992, Zoltek was paid twice per month.

On April 18, 1993, Zoltek's pay status was changed from exempt to non-exempt, and from that date onwards he has been properly compensated for overtime hours worked after that date.

From November 26, 1990, to April 18, 1993, the parties never expressly agreed that (1) Zoltek would be compensated for overtime on a fluctuating work week basis, (2) that his salary was paid to compensate him for all hours worked, or (3) that his salary was paid to compensate him for all hours worked on a straight-time basis. Nonetheless, during this time period, Zoltek was compensated as described above on a salaried basis. He accepted his paychecks and continued his employment without protesting or questioning his compensation.

■ Zoltek states in his Response to Defendant's Statement of Material Facts that he periodically questioned his compensation. He does so without citation to anything in the record supporting his assertion. Local Rule 12(N) of the United States District Court for the Northern District of Illinois states that a party opposing summary judgment must file:

A concise response to the movant's [12(M)] statement that shall contain ... a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the rec-

ord, and other supporting materials relied upon. . . .

Local Rule 12(N)(3)(a). All material facts properly set forth in the movant's 12(M) Statement will be deemed admitted if not properly controverted by the non-movant's 12(N) statement. Local Rule 12(N)(3)(b). The Seventh Circuit has consistently upheld strict application of Local Rule 12(N). *Rosemary B. v. Board of Educ.*, No. 94–3406, 52 F.3d 156, 159, (7th Cir.1995); *Johnson v. Gudmundsson*, 35 F.3d 1104, 1108 (7th Cir. 1994); *Flaherty v. Gas Research Inst.*, 31 F.3d 451, 453, 455 n. 4 (7th Cir.1994); *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921–22 (7th Cir.1994); *Highlands Ins. Co. v. Lewis Rail Serv. Co.*, 10 F.3d 1247, 1251 n. 6 (7th Cir.1993); *Stewart v. McGinnis*, 5 F.3d 1031, 1034 (7th Cir.1993); *Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 333 (7th Cir.1993); *Valenti v. Qualex, Inc.*, 970 F.2d 363, 368–69 (7th Cir.1992); *Appley v. West*, 929 F.2d 1176, 1179–80 (7th Cir.1991); *Bell, Boyd & Lloyd v. Tapy*, 896 F.2d 1101, 1103 (7th Cir.1990). Therefore, Safelite's assertion that Zoltek accepted his paycheck without ever making a protest is admitted.

## DISCUSSION

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Salima v. Scherwood South, Inc.*, 38 F.3d 929, 931 (7th Cir. 1994); *Transportation Communications Int'l Union v. CSX Transp., Inc.*, 30 F.3d 903, 904 (7th Cir.1994). Summary judgment is not a discretionary remedy and must be granted when the movant is entitled to it as a matter of law. *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir.1994). Even though all reasonable inferences are drawn in favor of the party opposing the motion, *Associated Milk Producers, Inc. v. Meadow Gold Dairies, Inc.*, 27 F.3d 268, 270 (7th Cir.1994), presenting only a scintilla of evidence will not suffice to oppose a motion for summary judgment, *Walker v. Shansky*, 28 F.3d 666, 671 (7th Cir.

1994). Nor will some metaphysical doubt as to the material facts suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986).

■ Moreover, the disputed facts must be those that might affect the outcome of the suit to properly preclude summary judgment. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir.1994). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, the non-moving party is required to go beyond the pleadings with affidavits, depositions, answers to interrogatories, and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le–Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

Section 7(a)(1) of the Act provides that no employer shall employ an employee for more than forty hours per week unless it pays the employee at least one and one-half times his normal rate of pay. 29 U.S.C. § 207(a)(1). However, under § 213(a)(1), an employee working in an executive, administrative, or professional capacity is exempt from the requirements of § 207.

Zoltek contends that he is entitled to one and one-half his regular rate of pay for all hours worked over forty during the contested time period ("time-and-a-half"). He argues that the proper method for computing his regular rate of pay is to divide his weekly salary by forty hours. Safelite, on the other hand, argues that Zoltek has already been paid for all hours worked and is only entitled to an additional one-half the regular rate for hours worked over forty ("half-time"). Safelite contends that Zoltek's regular rate of pay should be calculated by dividing his weekly salary by the number of hours worked in each separate week.

■ Underlying Safelite's argument is its assertion that the undisputed facts show that there was an implied-in-fact contract between it and Zoltek such that Zoltek's salary compensated him for all hours worked. Zoltek contends that his salary compensated him only for forty hours per week.

■ Where the parties' actions and the circumstances demonstrate that the plaintiff was aware of a particular condition of employment, the employee's acceptance of, and continued, employment manifests acceptance of the condition. *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 398, 62 S.Ct. 659, 667, 86 L.Ed. 914 (1942); *Intermountain Rural Elec. Ass'n v. N.L.R.B.*, 984 F.2d 1562, 1568 (10th Cir.1993); *Bodie v. City of Columbia, S.C.*, 934 F.2d 561, 566 (4th Cir.1991); *Brock v. El Paso Natural Gas Co.*, 826 F.2d 369, 374 (5th Cir.1987); *Harrison v. City of Clarksville, Tenn.*, 732 F.Supp. 810, 814 (M.D.Tenn.1990). However, if the employee contemporaneously protests, there is no implied agreement to the condition. *Johnson v. City of Columbia, S.C.*, 949 F.2d 127, 131 (4th Cir.1991); *Beebe v. United States*, 640 F.2d 1283, 1291 (Ct.Cl.1981).

In the case at bar, the undisputed facts demonstrate that for almost two and one-half years the parties conducted themselves as if Zoltek were properly classified as an exempt employee. He worked more than forty hours in many weeks and was never compensated for overtime. He never protested the lack of compensation. His hours per week varied considerably and his paycheck was always the same. Therefore, he impliedly consented to payment at a fixed sum per week regardless of the hours worked. That the parties never expressly agreed to this arrangement is irrelevant; their agreement is implied from their conduct.

Zoltek directs the court's attention to Safelite's payroll reports and a document in his personal file, both of which indicate a pay rate of $16.83 per hour for 86.67 hours for bimonthly pay periods between November 26, 1990 and July 1, 1991.[2] In addition, his paycheck stubs also contained a column indicating 86.67 hours per pay period. Zoltek contends that these documents indicate the

---

**2.** Forty hours per week multiplied by 52 weeks per year is 2080 hours. This number divided by 24 pay periods, bi-monthly, comes to 86.67 hours per pay period.

parties intended that he be paid on an hourly basis. Zoltek's contention is meritless. In its Local Rule 12(N) Statement, Safelite explains that the columns for hourly rate and hours worked in these documents are accounting artifacts that were required for the payroll system. All exempt employees' paycheck stubs contained the same references.[3] The hour references on paycheck stubs of employees classified as exempt did not indicate the number of hours worked in a pay period or the number of hours covered by an exempt employee's salary. After July 1, 1991, when Safelite changed to an outside accounting service, a rate was no longer required to generate the payroll, and subsequent pay stubs of exempt employees no longer contained a reference to hours worked.

Zoltek has not presented any evidence which would allow the inference that the references discussed above were not accounting techniques as described by Safelite but were actually indicative of an intent by the parties that he was to be paid on an hourly basis and that he was to receive compensation in addition to his salary for overtime hours. Furthermore, he has not presented the court with an affidavit in which he states that he relied on the references to hours and rate in the documents such that he was lead to believe that he was entitled to overtime pay. Moreover, "[e]mployment records are not controlling on the issue of regular rate of pay." *Haynes v. Tru–Green Corp.*, 154 Ill.App.3d 967, 107 Ill.Dec. 792, 797, 507 N.E.2d 945, 950 (1987). "It is the actual fact of payment which controls." *Id.* (citing *Triple "AAA" Co., Inc. v. Wirtz*, 378 F.2d 884 (10th Cir.1967)).

In the face of two and one-half years of working varying hours in excess of forty per week for an unremittingly consistent salary to which he never protested, and Safelite's uncontradicted explanation of the accounting purpose behind the rate and hour references in its records, and Zoltek's lack of reliance on those references, no reasonable jury could find that those documents indicated the parties intended that Zoltek would receive compensation for overtime in addition to his fixed salary amount. The facts show that the parties implied-in-fact agreement was that Zoltek was to receive the salary amount and no more, regardless of how many hours he worked.

Because the parties agreed that Zoltek was to be compensated on a salaried basis, with no additional payment for overtime hours, the calculation of his "regular rate" of pay is governed by the formula described in *Overnight Motor Transp. Co., Inc. v. Missel*, 316 U.S. 572, 62 S.Ct. 1216, 86 L.Ed. 1682 (1942). In *Overnight*, the plaintiff worked a widely fluctuating schedule with an average workweek of sixty-five hours and a maximum of eighty hours. He was paid a straight salary with no extra compensation for overtime. The plaintiff brought an action for overtime wages against the employer under the Act. The Court held that the proper method for determining the "regular rate" where an employment contract is for a weekly wage with variable hours is to divide the number of hours worked in each individual week by the salary amount. Thus, the regular rate, which is an hourly rate, may vary from week to week. However, it is regular in the statutory sense that the rate per hour does not vary throughout an individual week. *Id.* at 580, 62 S.Ct. at 1221.

In a case factually similar to the case at bar and to *Overnight*, the First Circuit acknowledged that *Overnight* is still binding precedent and that the *Overnight* formula is reflected in the Secretary of Labor's regulations. *Martin v. Tango's Restaurant, Inc.*, 969 F.2d 1319, 1324 (1st Cir.1992); *see* 29 C.F.R. § 778.114; *see also Blackmon v. Brookshire Grocery Co.*, 835 F.2d 1135, 1138–39 (5th Cir.1988); *Martin v. David T. Saunders Const. Co., Inc.*, 813 F.Supp. 893, 901 (D.Mass.1992).

These cases indicate that the proper method for calculating Zoltek's regular rate is to divide his salary amount per week by the number of hours worked in each week. Having arrived at the regular rate for a given week, Zoltek is entitled to one-half that amount multiplied by the number of overtime

---

**3.** The paycheck stubs of all non-exempt employees contained an hours column in which the actual number of hours worked per pay period was printed.

hours worked in that week.[4] He is not entitled to time-and-a-half because he has already been compensated at the regular rate for all hours worked. He has only been denied the 50% supplement required for his overtime hours. This is the method of calculating Zoltek's damages proposed by Safelite. Accordingly, Safelite's proposed method for calculating damages is correct.

## CONCLUSION

For the foregoing reasons, Safelite's motion for summary judgment is granted and Zoltek's motion for summary judgment is denied.

IT IS SO ORDERED.

4. For example, if Zoltek's salary had been $1000 per week and in a certain week he had worked 50 hours, his regular rate for that week would have been $20/hour. Thus, for that week, he would be entitled to $100 overtime pay; $10/hour × 10 overtime hours = $100.