**TOP NOTCH FOOD CENTER, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF AGRICULTURE, Defendant.**

No. 94 C 7263.

United States District Court, N.D. Illinois, Eastern Division.

May 9, 1995.

Burton A. Gross, Chicago, IL, for plaintiff.

Brian R. Havey, U.S. Attorney's Office, Chicago, IL, for defendant.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of Defendant United States Department of Agriculture ("USDA") for summary judgment. For the following reasons, the motion is granted.

### FACTS [1]

Plaintiff Top Notch Food Center, Inc. ("Top Notch") is a medium-sized grocery store at 5041 South Prairie Avenue in Chicago, Illinois and is a participant in the federal food stamp program (the "program"). Top Notch obtained authorization to participate in the food stamp program in 1994 from the Food and Nutrition Service ("FNS") after its owner, Salim Zayyad, certified that he had reviewed and understood the program regulations. He also certified that he accepted responsibility on behalf of the firm to prevent violations of the program (such as trading cash for food stamps) that he accepted responsibility for violations committed by the firm's employees, and that he knew that the

---

1. The facts are taken from the USDA's Statement of Material Facts submitted in compliance with Local Rule 12(M) of the United States District Court for the Northern District of Illinois. Plaintiff has not submitted a responding statement as required by Local Rule 12(N). Therefore, all facts properly asserted by the USDA in its Statement of Material facts are admitted. *See Johnson v. Gudmundsson,* 35 F.3d 1104, 1108 (7th Cir.1994); *Zoltek v. Safelite Glass Corp.,* 884 F.Supp. 283 (N.D.Ill.1995).

firm's authorization to accept food stamps could be revoked for any violation of the program's regulations by him or any of the people working in the store.

Top Notch opened for business on January 1, 1994. In a letter dated February 2, 1994, the Illinois Department of Public Aid notified FNS that it had received an anonymous complaint that Eddie Zayyad was willing to buy food stamps at the store located at 5041 South Prairie in Chicago, Illinois.

On April 6, an FNS investigator went to the store and sent an undercover aide into the store. The undercover aide was directed by the cashier to the store's butcher when he inquired about exchanging food stamps for cash. The butcher gave the undercover aide thirty dollars in cash in exchange for sixty-five dollars in food stamps. On April 7, the investigator and undercover aide went to the store again. Once again, after being directed to the butcher by the cashier, the undercover aide exchanged $115 in food stamps for $50 cash. During her visits to the store, the investigator noticed that the sign on the store read "Judeh Bros. Food & Liquor."

Based on the investigator's reports, the FNS charged Top Notch with violating the program's regulations. Top Notch did not deny the charges, but requested that the FNS impose a monetary penalty instead of disqualification from the program. Top Notch asserted that its owner was unaware of the trafficking violations and that he had instructed the store's cashiers about the program and regulations. The owner did not, however, instruct the butcher about the food stamps since he did not expect that the butcher would have any occasion to accept payment for food. Top Notch also stated that it had fired the butcher and the cashier after learning of the violations.

After considering the evidence and the Top Notch's response, the FNS concluded that the violations had occurred and that Top Notch should be permanently disqualified from participating in the program. Top Notch appealed to the FNS Administrative Review Division which found that the violations did occur and that the sanction of permanent disqualification was appropriate.

*DISCUSSION*

■ Federal Rule of Civil Procedure 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Salima v. Scherwood South, Inc.*, 38 F.3d 929, 931 (7th Cir.1994); *Transportation Communications Int'l Union v. CSX Transp., Inc.*, 30 F.3d 903, 904 (7th Cir.1994). Summary judgment is not a discretionary remedy and must be granted when the movant is entitled to it as a matter of law. *Jones v. Johnson*, 26 F.3d 727, 728 (7th Cir.1994). Even though all reasonable inferences are drawn in favor of the party opposing the motion, *Associated Milk Producers, Inc. v. Meadow Gold Dairies*, 27 F.3d 268, 270 (7th Cir.1994), presenting only a scintilla of evidence will not suffice to oppose a motion for summary judgment, *Walker v. Shansky*, 28 F.3d 666, 671 (7th Cir.1994). Nor will some metaphysical doubt as to the material facts suffice. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Moreover, the disputed facts must be those that might affect the outcome of the suit to properly preclude summary judgment. *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir.1994). A dispute about a material fact is "genuine" only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Therefore, the non-moving party is required to go beyond the pleadings with affidavits, depositions, answers to interrogatories, and admissions on file to designate specific facts showing a genuine issue for trial. *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

■ Congress enacted the Food Stamp Act of 1964 (the "Act") to provide low-income households with food stamp coupons for the purchase of food from retail and wholesale stores. 7 U.S.C. § 2011–2032; *East Food &*

*Liquor, Inc. v. United States,* No. 94–1902, 1995 WL 136526 (7th Cir. Mar. 29, 1995). The Act vests the USDA with authority to promulgate regulations for the efficient administration of the program. 7 U.S.C. § 2013. Under the regulations, participating grocery stores may accept food stamps as payment for food products, but not for non-food items. 7 C.F.R. § 278.2(a). Stores that fail to comply with the regulations are subject to penalties which vary depending on the severity of the violation. *See* 7 U.S.C. § 2021; 7 C.F.R. 278.6.

A store that is penalized for violating the regulations may obtain judicial review of that determination in the district court. 7 U.S.C. § 2023(a); 7 C.F.R. 279.10(a). As the plaintiff, Top Notch has the burden of showing that the violations of the Act and the regulations did not occur, *Brooks v. United States Department of Agriculture,* 841 F.Supp. 833, 839 (N.D.Ill.1994), and the administrative decision must be upheld unless Top Notch demonstrates by a preponderance of the evidence that the decision is invalid. *Id.*

Here, it is clear from the evidence presented by the USDA in its 12(M) Statement that the violations occurred. On two occasions, an undercover aide was directed by the store's cashier to the butcher who exchanged cash for the undercover aide's food stamps. This is a violation of the regulations, 7 C.F.R. § 278.2(a), for which permanent disqualification from the program is appropriate. 7 C.F.R. § 278.6(e)(1)(i).

Salim Zayyad's assertion that he was unaware of the trafficking violations, Amended Complaint at ¶ 10, is insufficient to escape disqualification. The Act requires permanent disqualification for trafficking in food stamps unless the "Secretary determines that there is substantial evidence (including evidence that neither the ownership nor management of the store or food concern was aware of, approved, benefited from, or was involved in the conduct or approval of the violation) that such store or food concern had an effective policy and program in effect to prevent violations of the chapter and the regulations." 7 U.S.C. § 2021(b)(3)(B).

With respect to the severity of the sanction, a penalty will be set aside only if arbitrary and capricious. *Carlson v. United States,* 879 F.2d 261, 263 (7th Cir.1989); *Brooks,* 841 F.Supp. at 840. Top Notch has presented this court with no evidence that it had an effective policy and program to insure that violations would not occur. Thus, permanent disqualification was appropriate, and the imposition of that sanction by the FNS was not arbitrary and capricious. Accordingly, summary judgment for the USDA is appropriate.

Additionally, under Local Rule 12(P) of the United States District Court for the Northern District of Illinois, if a party fails to file a memorandum in opposition to a motion, the court may grant the motion without further hearing. Local Rule 12(P); *Finch v. Chapman,* 785 F.Supp. 1277, 1280 (N.D.Ill.1992). Top Notch has not submitted to the court a memorandum in opposition to the USDA's motion. Thus, the court invokes Local Rule 12(P) as an additional reason for granting the USDA's motion for summary judgment.

### CONCLUSION

For the reasons stated above, the USDA's motion for summary judgment is granted.

IT IS SO ORDERED.