Sydney C. ACKLER; David E. Bodine; Robert C. Brewer; Bradley Allen Bright; Ron E. Broyles; Joseph R. Conner; Ryan Cruser; Michael L. Fahn; Dean D. Fundingsland; Mark Gilchrist; Bruce S. Haebe; David F. Handy; Brent A. Harris; Nathan Hocket; Thomas L. Hudson; Cory Huffune; William L. Lynam Jr.; Todd J. McDaniel; Donnel J. Merkle; Levi P. Morgan; Steven J. Parker; D. Denny Parkhill; Lisa Praytor; Jennifer L. Prusa; Douglas L. Reel; Charles J. Rosenzweig; H. Daniel Sheridan Jr.; Melvin J. Sowards; John A. Steiben; Bradley W. Thurman; Laura Thurman; Craig Shelton Kelly Lincoln, Plaintiffs–Appellants,

v.

COWLITZ COUNTY, Defendant–Appellee.

Nos. 99–35200, 99–35504.

D.C. No. CV–97–05593–FDB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 12, 2000.

Decided Feb. 8, 2001.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Before FERGUSON, KLEINFELD, and MICHAEL DALY HAWKINS, Circuit Judges.

## MEMORANDUM *

The District Court awarded overtime to 31 deputy sheriffs working for Cowlitz County, Washington. The sheriffs appeal the court's denial of liquidated damages, refusal to apply a three-year statute of limitations, computation of overtime and limitation of the attorney's fees award. We affirm in part and reverse in part.

* This disposition is not appropriate for publication and may not be cited to or by the courts

Generally, employers must pay liquidated damages for a failure to pay overtime in violation of the Fair Labor Standards Act (FLSA). 29 U.S.C. § 216(b). A narrow exception allows courts to deny liquidated damages only if the employer proves that it acted (1) in good faith and (2) with reasonable grounds for believing that the failure to pay was not a violation of the FLSA. 29 U.S.C. § 260; *Bratt v. County of Los Angeles*, 912 F.2d 1066, 1071 (9th Cir.1990). This test involves both subjective and objective components. *Id.* at 1071–1072.

Cowlitz County failed to meet these requirements. The mere receipt of publications and attendance at meetings does not prove an honest intention to ascertain and comply with the law. Moreover, even if we deferred to the district court's determination regarding the employer's intention, Cowlitz County did not establish that it had objectively "reasonable grounds" for failing to comply with the FLSA. The County's actions violated the FLSA's clear requirement that employers pay overtime when an employee works more than 40 hours in one week. 29 U.S.C. § 207(a). It is not reasonable for an employer to remain ignorant of clear law. *Williams v. Tri–County Growers, Inc.*, 747 F.2d 121, 129 (3rd Cir.1984); *Barcellona v. Tiffany English Pub., Inc.*, 597 F.2d 464, 468–469 (5th Cir.1979). *See also Brock v. Wilamkowski*, 833 F.2d 11, 19–20 (2nd Cir.1987).

The County's attempt to prove reasonableness through its reliance on employee complaints and the collective bargaining agreement is misplaced. The employer bears the burden of establishing good faith and reasonableness. 29 U.S.C. § 260. This burden would be severely undermined if the employer could simply point to the employees' failure to ascertain

of this circuit except as may be provided by 9th Cir. R. 36–3.

and prevent the violation. *See also Local 246 Util. Workers Union of Am. v. S. Cal. Edison Co.,* 83 F.3d 292, 298 (9th Cir. 1996) (employees' acquiescence in a payment plan does not constitute a finding on the question of good faith); *Barrentine v. Arkansas–Best Freight Sys., Inc.,* 450 U.S. 728, 740–741, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981) (a collective bargaining agreement cannot waive the right under FLSA to overtime pay).

 The district court erred in applying a two year statute of limitations. A three year statute of limitations applies when, as here, the cause of action arose out of a willful violation of the FLSA. 29 U.S.C. § 255(a). Courts may find willfulness only where the employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). Because Cowlitz County knew that employees were working overtime without additional pay and knew or at least recklessly disregarded the fact that a collective bargaining agreement's terms cannot waive the requirements of the FLSA, the County acted willfully. The County's argument regarding its motivation—that it acted to satisfy the desires of employees for a certain schedule—has no legal relevance.

Because the deputies have already been paid their straight time rate, they are simply owed the extra 50%. *See, e.g., Rushing v. Shelby County Gov't,* 8 F.Supp.2d 737, 743 (W.D.Tenn.1997); *Zoltek v. Safelite Glass Corp.,* 884 F.Supp. 283, 287 (N.D.Ill.1995).

 The District Court properly considered the settlement offer in determining attorney's fees. When, as here, a plaintiff rejects an offer pursuant to Federal Rule of Civil Procedure 68 in a FLSA case, the district court must consider "the reasonableness of an attorney fee award," which depends at least in part "on the district court's consideration of the results the plaintiff obtained by going to trial compared to the Rule 68 offer." *Haworth v. Nevada,* 56 F.3d 1048, 1052 (9th Cir.1995). A joint offer of judgment is valid for this purpose. *Lang v. Gates,* 36 F.3d 73, 75 (9th Cir.1994). There is no indication that the district court abused its discretion regarding the reasonableness of the fees. However, on remand, the District Court should recalculate the attorney's fees to account for the change in the damage award.

In conclusion, the denial of liquidated damages is REVERSED, the refusal to apply a three year statute of limitations is REVERSED, and the computation of the overtime award at 50% of straight time pay is AFFIRMED. The district court should recalculate the attorney's fees award accordingly. Each party shall bear its own costs.

KLEINFELD, Circuit Judge, concurring in part and dissenting in part.

KLEINFELD, Circuit Judge.

I concur in the portion of the memorandum disposition which affirms the computation of the overtime award at 50% of straight time pay. I also concur in the determination that the district court did not abuse its discretion regarding the reasonableness of the attorneys' fees and properly applied Rule 68 of the Federal Rules of Civil Procedure regarding the effect of the settlement offer on the fee.

Regarding liquidated damages, the good faith of the employer is adequately supported by the record, and the district judge's determination that the employer acted in good faith cannot seriously be questioned.[1] The employer's "honest in-

1. *See Bratt v. County of Los Angeles,* 912 F.2d 1066, 1072 (9th Cir.1990) (explaining that

tention" to comply with the law is shown by its immediate recalculation and issuance of checks as soon as it received a complaint and determined that the employees were entitled to the additional money.[2] Appellants argue otherwise, but they neither claim nor demonstrate that the judge's findings of fact were clearly erroneous, and we are bound by those findings of fact.

Nevertheless, the statutory requirement that the employer "had reasonable grounds" for believing that it was in compliance with the FLSA is the hard part of the liquidated damages issue.[3] It is the employer's burden to prove not only good faith but also a reasonable basis,[4] and the employer in this case has not demonstrated such a basis for believing that it was in compliance. True, the Teamsters Union did not object, but a collective bargaining agreement cannot waive the requirements of the Fair Labor Standards Act,[5] and an employer negotiating with the Teamsters Union cannot entirely delegate its own responsibility to comply with the Fair Labor Standards Act to the Union's negotiators. Therefore, I am compelled to concur in the majority's determination regarding liquidated damages.

I dissent from that portion of the memorandum disposition reversing the district court's application of the two-year rather than the three-year statute of limitations. The majority concedes that the three-year statute can only be applied to "willful" violations.[6] And the majority concedes that willfulness requires that the employer either knew or "showed reckless disregard for the matter of whether its conduct was prohibited by the statute." [7]

The district court found absence of willfulness. This case is not a dismissal or summary judgment. It is an appeal from findings of fact and conclusions of law and judgment thereon after the case went to trial. We are required to grant more deference than the majority disposition does to the district court's factual determinations.[8]

The majority misses the distinction between willfulness and mere negligence. Negligence allows for liquidation damages, but the statute requires willfulness, not mere negligence, for an extension of the statute of limitations to three years. The

---

courts may deny liquidated damages if the employer proves that it acted in subjective good faith with objectively reasonable grounds for believing that the failure to pay was not a violation of the FLSA).

**2.** *See id.;* ER 316.

**3.** 29 U.S.C. § 260.

**4.** *See Local 246 Utility Workers Union v. Southern California Edison Co.,* 83 F.3d 292, 297–98 (9th Cir.1996).

**5.** *See Barrentine v. Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 740–41, 101 S.Ct. 1437, 67 L.Ed.2d 641 (1981); *Local 246 Utility Workers Union v. Southern California Edison Co.,* 83 F.3d 292, 297 (9th Cir.1996) (stating that the FLSA's "minimum wage and overtime provisions are guarantees to individ-

ual workers that may not be waived through collective bargaining").

**6.** 29 U.S.C. § 255(a); Maj. op. at 545.

**7.** *McLaughlin v. Richmond Shoe,* 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988); Maj. op. at 545.

**8.** *See* Fed.R.Civ.P. 52(c) ("Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses."); *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986) (holding that courts of appeals should review the facts necessary to determine whether an exemption to the FLSA applies in a particular under the "clearly erroneous" standard).

Supreme Court has made it clear that mere awareness of the FLSA is not sufficient to prove willfulness and that it is also not "willful" if an employer acts unreasonably, but not recklessly, in determining its legal obligation.[9] Congress made a considered policy choice that the two-year statute applies in the absence of willfulness.[10] We are not entitled to substitute a different policy choice.

The district judge made an express finding of fact that the employer's personnel director "simply tried to abide by the parties' CBA and the schedule already in place," and that his "conduct does not demonstrate willfulness to deprive the deputies of money rightfully owed them."[11] Moreover, the district judge also made an express finding that Mr. Anderson "could have reasonably believed that the County was not in violation of the FLSA" because the policy gave the deputies very long weekends, and no deputy had ever filed any grievance about any overtime issue.[12] And the district judge found that as soon as the issue arose in the 1997 contract negotiations, Mr. Anderson promptly "sought legal advice, determined the county was in violation of FLSA," immediately calculated how much was owed for overtime, and issued checks for it.[13]

Given these factual findings, which were not shown to be clearly erroneous, the county's behavior was the very opposite of willfulness.[14] A willful violator is the sort of employer who tells his employees to work 50 hours a week, doesn't care what the FLSA requires of him, and tells them that if they don't like it, they can try to get a job somewhere else. Some employers do that, but this one most assuredly did not.

---

9. *See McLaughlin v. Richmond Shoe,* 486 U.S. 128, 133, 135 n. 13, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988).

10. *See* 29 U.S.C. § 255(a).

11. ER 317.

12. *Id.*

13. *Id.*

14. *See Black's Law Dictionary* 1539 (7th ed.1999) (defining "willful" as "voluntary and intentional but not necessarily malicious").