

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-7-2004

# La v. Hayducka

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4374

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"La v. Hayducka" (2004). *2004 Decisions*. Paper 96.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/96

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4374

VAK LA, Individually and as:
Administrator Ad Prosequendum Of
the Estate of Kyung-Ho LA and Myung-Ok LA;
MYUNG-OK LA

v.

RAYMOND HAYDUCKA; SCOTT WILLIAMS;
KENNETH DROST; LEONARD HIBBITTS;
PAT O'BRIEN; JEFF KARPISCAK; RICHARD SCHWARZ;
SOUTH BRUNSWICK POLICE DEPARTMENT;
MICHAEL PAQUETTE, South Brunswick Police Chief;
JOHN DOES 1-20; ABC CORPORATION 1-100

Raymond Hayducka,

Appellant

ON APPEAL FROM AN ORDER OF UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW JERSEY

(Dist. Court No. 00-CV-3045)
District Court Judge: Alfred M. Wolin

Submitted Under Third Circuit LAR 34.1(a)
November 1, 2004

(Filed December 7, 2004)

Before: ALITO, BARRY, and FUENTES, <u>Circuit Judges</u>

<u>PER CURIAM</u>:

Because we write only for the parties, we need not review the facts of this case. We dismiss this appeal for lack of jurisdiction.

Defendant claims that this Court has subject matter jurisdiction over his "appeal from the final order of the District Court denying Appellant's summary judgment motion on the issue of qualified immunity dated September 26, 2003." Hayducka's Brief at 2. Under 28 U.S.C. § 1291, this Court may review only "final decisions" of District Courts. Denials of summary judgment generally do not qualify as "final" for the purposes of § 1291 because they allow litigation to continue; they are "but steps toward the final judgment in which they will merge." <u>See</u> <u>Cohen v. Beneficial Industrial Loan Corp.</u>, 337 U.S. 541, 546 (1949); <u>Hamilton v. Leavy</u>, 322 F.3d 776, 781-82 (3d Cir. 2003).

Defendant relies on the collateral order doctrine, an exception to the final decision requirement of § 1291. The collateral order doctrine gives this court jurisdiction to review a District Court's decision "if it (1) conclusively determines a disputed question, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment." <u>Id.</u> (citations omitted). Certain denials of summary judgment on the issue of qualified immunity are immediately appealable under the collateral order doctrine. "[A] district court's denial of a claim of qualified immunity, <u>to the extent that it turns on an issue of law</u>, is an appealable 'final

2

decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." <u>Mitchell v. Forsyth</u>, 472 U.S. 511, 530 (1985) (emphasis added). <u>See also</u> <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 816-19 (1982).

In <u>Mitchell</u>, the facts were straightforward and undisputed. The parties agreed that in November 1970, the Attorney General authorized a warrantless wiretap based on a domestic threat to national security. The only question was whether this violated "clearly established" law, given that the Supreme Court did not declare such wiretaps illegal until over a year later. This was a purely legal question, separate from the merits, and failure to decide it on interlocutory appeal would defeat the purpose of qualified immunity, which is "an entitlement not to stand trial or face the other burdens of litigation." <u>Saucier v. Katz</u>, 533 U.S. 194, 200 (2001) (quoting <u>Mitchell</u>, 472 U.S. at 526).

Disputed factual questions based on qualified immunity, on the other hand, are not directly appealable under the collateral order doctrine. In an excessive force case much like this one, the Supreme Court held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a 'genuine' issue of fact for trial." <u>Johnson v. Jones</u>, 515 U.S. 304, 319-20 (1995). The Seventh Circuit, whose judgment was affirmed, stated the issue even more clearly: "Defendants do not deny that <u>if</u> they beat the plaintiff, as he believes they did, then they lack immunity. <u>Whether</u> they beat the plaintiff is a question that must be resolved before it may be reviewed on

3

appeal." Jones v. Johnson, 26 F.3d 727, 728 (7th Cir. 1994) (per curiam) (emphasis in original). In other words, an appellate court can not decide whether defendants violated "clearly established" law when the underlying facts remain in dispute.

Johnson, not Mitchell, controls in this case, because critical facts remain unresolved. Here, Plaintiffs and Defendants offer two competing stories. In Plaintiffs' version, Kyung-Ho La was not moving toward Sargeant Hayducka when he was shot. Defendants disagree, maintaining that Kyung-Ho was lunging at Sargeant Hayducka with a 15-inch sword. The District Court carefully considered the evidence, and found "that the dispute, generated by Defendant's testimony and Dr. Hofman's expert opinion, as to whether or not the victim lunged at Defendant, creates a material issue of fact that must be presented to a jury." Joint Appendix at 17. Further, it concluded that "[i]f the Hofman Opinion's version of the events are credible and Kyung-Ho was not lunging, but was crouching away from Hayduka then, the shooting may have been unreasonable in light of Kyung-Ho's right to be free from the use of excessive force." Id. at 55.

Because these factual issues are unresolved, neither the District Court nor this Court can decide if Sargeant Hayducka violated "clearly established" law. See Forbes v. Township of Lower Merion, 313 F.3d 144, 147 (3d Cir. 2002) ("we may 'review whether the set of facts identified by the district court is sufficient to establish a violation of a clearly established constitutional right,' but we may not 'consider whether the district court correctly identified the set of facts that the summary judgment record is

4

sufficient to prove") (quoting <u>Ziccardi v. City of Philadelphia</u>, 288 F.3d 57, 61 (3d Cir. 2002)).  Therefore, the qualified immunity issue in this case is not a collateral order "completely separate from the merits," and we apply the typical rule that denials of summary judgment are not "final" judgments for purposes of 28 U.S.C. § 1291. Accordingly, we dismiss Defendant's appeal for lack of jurisdiction.