[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Nov. 12, 2009
THOMAS K. KAHN
CLERK

No. 08-14734

D. C. Docket No. 08-00041-CV-F-N

ROBBIE AUTERY,
SHANE FULMER,

Plaintiffs-Appellants,

versus

KEVIN DAVIS,
in his official capacity as Sheriff of Chilton
County, Alabama, and individually,

Defendant-Appellee.

Appeal from the United States District Court
for the Middle District of Alabama

(November 12, 2009)

Before DUBINA, Chief Judge, BIRCH and SILER,[*] Circuit Judges.

_____

[*]Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

PER CURIAM:

Appellants Robbie Autery ("Autery") and Shane Fulmer ("Fulmer") appeal the district court's grant of summary judgment in favor of Appellee Kevin Davis, Sheriff of Chilton County, Alabama, ("Sheriff Davis") arising out of their terminations as deputy sheriffs. They claim that their firings deprived them of substantive and procedural due process, freedom of association, and freedom of speech.

The issues presented on appeal are:

1. Whether termination of public service employment can give rise to a substantive due process claim?

2. Whether the absence of a pre-termination hearing by a state merit review board created but not constituted is a violation of procedural due process if there is post-termination state-court review?

3. Whether free speech rights are violated when a sheriff terminates employees after they complain to colleagues about the sheriff and report alleged misconduct to the state Attorney General?

4. Whether termination of a deputy sheriff from employment based on political affiliation violates freedom of association rights when existing circuit law

holds that a sheriff has absolute authority to hire and fire deputies, though new state law suggests otherwise?

This court reviews *de novo* a district court's grant of summary judgment. *Fanin v. U.S. Dep't of Veterans Affairs*, 572 F.3d 868, 871 (11th Cir. 2009).

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we conclude that the district court properly granted summary judgment on all of Autery and Fulmer's claims. First, this court has clearly stated that "an employee with a protected interest in his job may not maintain a substantive due process claim arising out of his termination." *Bussinger v. City of New Smyrna Beach*, 50 F.3d 922, 925 (11th Cir. 1995). Autery and Fulmer's claims are procedural in nature, and their claims for substantive due process protection fail.

We also conclude from the record that Autery and Fulmer have alleged no facts that indicate that their procedural due process grievances cannot be remedied by state-court review. In this circuit, state-court review of employment termination decisions qualifies as an adequate post-deprivation remedy. *McKinney v. Pate*, 20 F.3d 1550, 1563 (11th Cir. 1994) (*en banc*). In this case, the failure of local officials to compose the merit board under state law is a decision properly reviewable and remediable by the state court.

Additionally, by engaging in disruptive speech in addition to whistle-blowing, Autery and Fulmer's freedom of speech claim fails as a matter of law because the balance weighs in favor of the state's interest in the efficiency of its public services. *Cf. Pickering v. Bd. of Educ.*, 391 U.S. 563, 568, 88 S. Ct. 1731, 1734-35 (1968). The district court held, and the record supports, that Autery and Fulmer's conduct, viewed as a whole, undermined the morale and disrupted the efficiency of the department. Accordingly, our decision in *Bryson v. City of Waycross* compels us to uphold summary judgment in favor of Sheriff Davis on the freedom of speech claim. 888 F.2d 1562, 1567 (11th Cir. 1989) (balancing free speech rights of police officer against department's interest in promoting efficient public services and ultimately denying officer's claims arising out of his termination).

We emphasize that, standing alone, Autery and Fulmer's decision to contact the state Attorney General with concerns about their superior's activities is not a valid basis for their termination. *See Stanley v. City of Dalton*, 219 F.3d 1280, 1290 (11th Cir. 2000) (holding that private accusations made by police officer about superior's misconduct are not a permissible basis for termination). The record in this case establishes, however, that Autery and Fulmer's communication with the Attorney General was not the only instance in which they voiced their

4

displeasure with Sheriff Davis. Autery and Fulmer admitted to the district court that "they continued to complain about Sheriff Davis's decisions with regard to their employment" to colleagues and, as a result, the deputy in charge of evaluating department employees "reported their conduct to Sheriff Davis." (R. 25 at 4.)

Autery and Fulmer's private and public complaints fit squarely within the confines of *Bryson*. The formal complaint made in this case must be weighed in context with other complaints and statements made to co-workers in the department. Moreover, there is ample evidence that other disputes with Sheriff Davis, personal and professional, motivated their speech in this case. Sheriff Davis has demonstrated that this misconduct was at least a substantial factor in their dismissal. Accordingly, Autery and Fulmer's freedom of speech claim fails as a matter of law.

Finally, we conclude that summary judgment was proper on the political patronage claim. Public officials are entitled to qualified immunity so long as their discretionary actions do not violate clearly established statutory or constitutional rights. *Lewis v. City of West Palm Beach*, 561 F.3d 1288, 1291 (11th Cir. 2009). It is "not mandated that the Court examine the potential constitutional violation . . . prior to analyzing whether the right was clearly

established." *Id.* In *Terry v. Cook*, 866 F.2d 373, 375 (11th Cir. 1989), we held that an Alabama County Sheriff could constitutionally base employment decisions affecting deputy sheriffs on party affiliation. Even if the rationale in *Terry* is somehow weakened by the applicable local law in this case, the clearly established constitutional law at the time of the firings permitted Sheriff Davis's conduct even if it was based upon Autery and Fulmer's political opposition to Sheriff Davis. Because *Terry* holds that an Alabama Sheriff may lawfully terminate an officer who does not support him politically, we need not determine whether Sheriff Davis had some other lawful motive.

Even in the absence of *Terry*, Sheriff Davis would still be entitled to qualified immunity. In *Foy v. Holston*, 94 F.3d 1528, 1536 (11th Cir. 1996), we held that a public official is entitled to qualified immunity when the record establishes at least some lawful motivation for his conduct, in spite of opposing inferences. *See also Stanley*, 219 F.3d at 1296. Again, the record reveals evidence of Autery and Fulmer's conduct permitting a conclusion that Sheriff Davis's decision to terminate Appellants was objectively reasonable. Because Sheriff Davis's conduct did not violate clearly established law, he is qualifiedly immune from Autery and Fulmer's freedom of association claim.

6

For the above-stated reasons, we affirm the district court's grant of summary judgment in favor of Sheriff Davis and against Autery and Fulmer.

**AFFIRMED.**